## Robbie FOX *v.* Florella FOX

CA 89-417                           788 S.W.2d 743

Court of Appeals of Arkansas
Division II
Opinion delivered May 16, 1990

*Pat Hall*, for appellant.

*Spencer, Spencer, Depper & Guthrie*, by: *David F. Guthrie*, for appellee.

JAMES R. COOPER, Judge. The parties in this child custody case were divorced by a decree dated May 10, 1989. Custody of the parties' children was granted to the appellee. From that decision, comes this appeal.

For reversal, the appellant contends that the chancellor erred in granting custody to the mother on the basis of her sex. We agree, and we reverse and remand.

The record shows that the chancellor conducted a hearing on child custody in which the parties presented evidence that would support a finding that either parent would be fit to exercise custody over their two girls, age four and ten. At the conclusion of the hearing, the chancellor made the following findings from the bench:

. . . I would not really worry and be troubled if these two

girls were in the custody of either one of you. You've satisfied me that they would be well cared for by either one of you and I think both of you know that. I'm not saying that your relationship with Mr. Allen doesn't have any relevance here because it does. Moral attitudes and so forth do have some relevance and should be considered in trying to decide when the decision has to be made of where custody is, of which parent should have custody and I have taken that into account. But also involved, in my opinion, and people may differ on this — in my opinion, girls of the age of four and ten, maybe more with four than ten, have and should have a relationship with their mother that you can't give them, and that I don't think any father can give them. *That's extremely important and to me that has to be overcome to reach the conclusion that custody should not be with the mother.* I haven't been able to get past that here today.

[Emphasis supplied].

██ It is clear from the chancellor's remarks that his general view that young girls should be raised by their mothers was given the force of a presumption in deciding the custody issue. This was contrary to Ark. Code Ann. § 9-13-101 (1987), which provides that:

In an action for divorce, the award of custody of the children of the marriage shall be made without regard to the sex of the parent but solely in accordance with the welfare and best interests of the children.

This statute abolished any gender-based presumption or legal preference with respect to child custody actions. *Drewry* v. *Drewry,* 3 Ark. App. 97, 622 S.W.2d 206 (1981). Under its terms, the chancellor must abandon generalizations and decide questions of custody on an individualized basis: the question is not whether young girls should, in general, be placed in the custody of their mothers, but rather whether the welfare and best interests of these particular children would be best served by granting custody to this particular mother or father. Because of the unparalleled importance of the chancellor's observations in child custody cases, we remand for the chancellor to make this determination. *See Watts* v. *Watts,* 17 Ark. App. 253, 707

S.W.2d 777 (1986).

Reversed and remanded.

CORBIN, C.J., and JENNINGS, J., agree.