Ross HARRINGTON *v.* Kristi HARRINGTON

CA 95-1125                                928 S.W.2d 806

Court of Appeals of Arkansas
Division II
Opinion delivered September 25, 1996

*Hilburn, Calhoon, Harper, Pruniski & Calhoon, Ltd.*, by: *Sam Hilburn* and *Dorcy Kyle Corbin,* for appellant.

*Everett O. Martindale,* for appellee.

JOHN B. ROBBINS, Judge. The parties in this case were divorced by decree filed on March 18, 1994. Appellant Ross Harrington was awarded custody of the parties' two minor children, Amanda, now age 10, and Jessica, now age 8. In May 1995, appellee Kristi Harrington alleged that there had been a material change of circumstances and sought a change of custody. The chancellor awarded her custody in July 1995. Appellant contends on appeal that the chancellor erred in finding that a material change had occurred that justified a change in custody. We agree and reverse.

■■ This court has stated numerous times that a material change in circumstances must be shown before a court may modify an order regarding child custody, and the party seeking modification has the burden of showing a change in circumstances. *Jones* v. *Jones*, 51 Ark. App. 24, 907 S.W.2d 745 (1995); *Riley* v. *Riley*, 45 Ark. App. 165, 873 S.W.2d 564 (1994). Although we review chancery cases de novo, we do not disturb the chancellor's findings unless they are clearly against the preponderance of the evidence. *Riddle* v. *Riddle*, 28 Ark. App. 344, 775 S.W.2d 513 (1989).

At the hearing in the trial court, Zella Willis, appellee's mother, testified that appellee resided with her and Ms. Willis's mother. Appellee is unemployed due to a seizure disorder and cannot drive a vehicle. Ms. Willis stated that "I think it's best for the girls to come and live with their mother. The girls are getting older, they're progressing into an age where a girl just naturally needs a mother's influence." On cross-examination Ms. Willis acknowledged that appellant Ross Harrington had had custody for almost two years and was a good father.

Appellee Kristi Harrington testified in her own behalf at the hearing. She stated that she wanted custody, "Well, because I'm always there, they're little girls, I think it would be best that they be with their mother. You know, they're growing and I just think that little girls would be best with their mother and I'm always at the house." On cross-examination, appellee was asked what change of circumstances has occurred that she believed justified her receiving custody. Appellee replied:

> Well, the girls are growing. They're becoming little women. Amanda right now is especially. Some little girls will start, they will become, they grow different from others. I mean Ross is kind of shy. He will not go to the store, he will not

know the size bra that Amanda is fixing to be having to wear. She is growing right now, I mean she was asking me one night when I was giving them a bath and she asked, "Mommy, feel of this, what is wrong?" And she's just becoming a little lady. Ross isn't going to know what size bra to get for that child to wear. And then when she starts filling out to become, it's usually teenage [sic] age is when it was for me, but some girls grow — it starts earlier.

Appellant Ross Harrington testified that he has cared for the children's daily needs for almost two years and has had no problems. Appellant has recently moved into a home in which the girls would each have a room of their own. The girls would remain in the same school and area of town. In response to appellee's allegation that he would not know what bra sizes the girls would need, appellant stated that the girls have a drawer full of bras at his home and they had shopped together for such items. Appellant went on to testify that nothing has changed since he was awarded custody, other than the girls were now a year and a half older.

The chancellor in this case found that a material change in circumstances had occurred which justified appellee being awarded custody. The chancellor ruled from the bench as follows:

BY THE COURT: I find that there is a change in circumstances, the change in circumstances being the age of the little girls and the fact that they're living solely with the father, and I feel as though, at their age, that they need their mother because of the growing age where they now are. One of them will be a teenager before we know it. And so I'm going to give the mother the custody of the two children....

■ It is obvious that the chancellor's ruling was based on his general view that girls of this age should be raised by their mother and that he employed this presumption in deciding the custody issue. This is clearly contrary to Ark. Code Ann. § 9-13-101 (Repl. 1993), which provides:

In an action for divorce, the award of custody of the children of the marriage shall be made without regard to the sex of the parent but solely in accordance with the welfare and best interests of the children.

This statute abolished any gender-based presumption or legal preference in child custody actions. *See Fox* v. *Fox*, 31 Ark. App. 122, 788 S.W.2d 743 (1990). We stated in *Fox*:

> Under its terms, the chancellor must abandon generalizations and decide questions of custody on an individualized basis: the question is not whether young girls should, in general, be placed in the custody of their mothers, but rather whether the welfare and best interests of these particular children would be best served by granting custody to this particular mother or father.

*Id.* at 123, 788 S.W.2d at 744.

We agree with the appellant that the chancellor's sole basis for finding a material change was that the girls were a little older and needed their mother. In this day and age, such broad generalizations have no place in deciding custody issues. To reopen the issue of custody solely on the basis that the children are now fourteen months older, as in this case, could permit annual custody battles. This would eventually reward the parent with the greater stamina rather than accommodate the best interests of the children involved. It is apparent from the record that there have not been any material change in circumstances to justify a change in custody, and the chancellor's finding to the contrary is clearly against the preponderance of the evidence.

Reversed.

STROUD and GRIFFEN, JJ., agree.