931 S.W.2d 784 (1996)
326 Ark. 524
OFFICE OF CHILD SUPPORT ENFORCEMENT, Appellant,
v.
Samuel A. TROXEL, Appellee,
No. 96-588.
Supreme Court of Arkansas.
November 4, 1996.
G. Keith Griffith, Van Buren, for appellant.
Ernie Witt, Ozark, for appellee.
ROAF, Justice.
The appellant, Office of Child Support Enforcement (OCSE), petitioned the Franklin County Chancery Court to register a foreign divorce decree pursuant to the Revised Uniform Interstate Family Support Act (UIFSA). OCSE sought to pursue child-support arrearages against the appellee, Samuel Troxel, based on the support ordered in the divorce decree. The chancellor found that an earlier support order entered in Franklin County under the Revised Uniform Recriprocal Enforcement of Support Act (RURESA) superseded the support order contained in the divorce decree, and denied the petition. We reverse and remand.
On July 15, 1985, Beth Troxel obtained a divorce from Samuel Troxel in the District Court of Lancaster County, Nebraska. Beth was given custody of the Troxels' child, and was awarded $150 per month child support in the divorce decree.
Samuel later moved to Franklin County, Arkansas; Beth and the child remained in Nebraska. In 1986 Beth filed a RURESA petition in Nebraska for child-support arrearages. The Nebraska District Court entered a RURESA order, certifying that Samuel had accrued $1,835 in arrears as of October 17, 1986, and forwarding the matter to Franklin County, Arkansas, where Samuel resided.
On March 5, 1987, an order was entered in the Franklin County Chancery Court finding Samuel $2,135 in arrears, and ordering him to pay current child support in the amount of $70 a month, plus $5 a month toward the arrearages. The Franklin County Chancery Court entered another order on November 13, 1989, finding that Samuel owed an additional $1,500 in arrears. This order again provided for $70 a month in current support, and $30 a month on the arrearages. There *785 was no mention of the Nebraska support order or of the Nebraska divorce decree in either of the Franklin County orders.
On February 10, 1995, the Arkansas OCSE filed a petition on behalf of Beth in Franklin County Chancery Court pursuant to UIFSA, which had superseded RURESA in 1993. The petition sought to register the 1985 Nebraska divorce decree, and alleged support arrearages of $14,240.19, based on the amount of support ordered in the decree. After a hearing on the petition, the chancellor held that the 1987 Arkansas RURESA order superseded the 1985 divorce decree, and denied the petition.
On appeal, OCSE asserts that the chancellor erroneously found that the support ordered in the divorce decree had been superseded by the Arkansas RURESA order.
We have said that the standard of review of chancery court proceedings is whether the chancellor's findings were clearly erroneous or clearly against the preponderance of the evidence. McGarrah v. McGarrah, 325 Ark. 81, 924 S.W.2d 453 (1996); Riddick v. Streett, 313 Ark. 706, 858 S.W.2d 62 (1993). In this instance, it is necessary to consider the statutes which govern the interstate enforcement of support in order to review the chancellor's decision. In 1993, the legislature enacted Act 468 of 1993, which established Arkansas as one of the first states to adopt UIFSA. Its predecessor, RURESA, was repealed by the 1993 enactment. However, in the present case, the chancellor's order denying the UIFSA petition was based on his finding that the 1987 Arkansas RURESA support order superseded the 1985 Nebraska divorce decree. Consequently, we must construe the Arkansas RURESA statute in effect at the time of the 1987 Arkansas order.
This case does not mark the first time that this court has addressed the issue of whether an Arkansas RURESA order nullifies or modifies a prior foreign divorce decree. In Tanbal v. Hall, 317 Ark. 506, 878 S.W.2d 724 (1994), at issue was whether an Arkansas chancery court could nullify an original support order issued by Arizona. Larry Hall had been ordered to make monthly child-support payments of $225 to Linda Tanbal, pursuant to a 1971 Arizona decree. After the divorce, Tanbal moved to Phillips County, Arkansas, and initiated RURESA proceedings. Over a span of eight years up to 1989, the Phillips County Chancery Court issued four orders that recognized an increasing amount of arrearages and provided for varying amounts of child-support payments.
Finally, in 1989, Tanbal returned to Arizona and filed a Petition for Judgment for Arrears there. Hall was served but made no appearance. Tanbal acknowledged that Hall had made some payments pursuant to the 1971 decree and "other support orders granted in the URESA proceedings." The Arizona court found that Hall was $34,597.97 in arrears. In 1992 the Phillips County Child Support Unit filed a petition to enforce the Arizona arrearage order of $34,597.97. The Phillips County Chancery Court granted Hall's motion to dismiss and found that the Arkansas chancery court orders amended the 1971 Arizona decree.
On appeal, this court reversed and remanded. We examined RURESA's nullification provision, which provided as follows:
A support order made by a court of this state pursuant to this subchapter does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided for by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this state.
Ark.Code Ann. § 9-14-331 (repealed 1993) (emphasis added). In Tanbal, supra, we determined that none of the four Arkansas orders specifically provided for nullification of the 1971 Arizona decree. We concluded that the statutory mandate was clear and unambiguous; the effect of the Arkansas orders was to reduce Hall's support burden, but not to change or modify the original Arizona decree. Although Hall was entitled *786 to credit for payments made pursuant to the Arkansas orders against the Arizona obligation, the Arizona decree was still valid absent a specific nullification.
Likewise, in Britton v. Floyd, 293 Ark. 397, 738 S.W.2d 408 (1987), this court held that a subsequent RURESA order issued from Kansas did not nullify a prior divorce decree entered in Arkansas. The record of the Kansas proceedings did not reveal whether the Kansas order specifically nullified the Arkansas decree. Therefore, the Arkansas decree was still entitled to enforcement, even though the Kansas order provided for a different amount of child support. The Arkansas court also properly gave full faith and credit to the Kansas court order by crediting the Kansas payments against the Arkansas obligation.
In the present case, neither the 1987 nor the 1989 order entered in Franklin County Chancery Court contains any language of nullification, and our holding in Tanbal is clearly controlling. We do not agree with Samuel's contention that Tanbal requires Beth to first obtain a judgment for arrearages from the Nebraska court before seeking enforcement in Franklin County, and he does not provide any further authority for this proposition.
We reverse and remand for further proceedings consistent with this opinion and with the statutory procedures found in UFISA.