William B. OLIVER *v.* WASHINGTON COUNTY, Arkansas

96-381                                               940 S.W.2d 884

Supreme Court of Arkansas
Opinion delivered April 7, 1997

*Law Offices of Ronald E. Bumpass*, by: *Bradley S. Lewis*, for appellants.

*George E. Butler, Jr.*, and *Stockland & Trantham, P.A.*, by: *Gary L. Seymour*, for appellee.

ANNABELLE CLINTON IMBER, Justice. This is an appeal from the Washington County Court's condemnation of land owned by the appellants, William and Georgia Oliver, for the widening of County Road #55. On appeal, the Olivers argue that the County did not adhere to the statutory procedures for condemning their property, and that several provisions of the condemnation statute are unconstitutional. We affirm because the appellants's abstract is flagrantly deficient.

On February 1, 1995, the Washington County Court issued an order whereby it condemned a parcel of land owned by William and Georgia Oliver for the widening of County Road #55. The County Court served notice of the condemnation upon the Olivers within ten days of the date of entry of the order as required by Ark. Code Ann. § 14-298-120(f) (1987). The Olivers received the notice and filed a response. On March 9, 1995, the County Court denied the relief requested by the Olivers.

Before the County Court determined the appropriate measure of compensation, the Olivers filed a *de novo* appeal in the Washington County Circuit Court. In their complaint for trial *de novo* and motion for injunction, the Olivers alleged that the appeal-bond requirement violated their constitutional rights to due process, that the County failed to follow the condemnation procedures contained in Ark. Code Ann. §§ 14-298-101 to 116 (1987), and that the condemnation procedures in Ark. Code Ann. §§ 14-298-101 to 116 (1987) violate the separation-of-powers doctrine. The Olivers's complaint, however, is not included in the abstract. The Olivers also contended at a later hearing that the condemnation procedures set forth in Ark. Code Ann. §§ 14-298-120 to 121 (1987) violate the separation-of-powers doctrine.

At the conclusion of a hearing on the motion for summary judgment filed by the Olivers, the trial court found that the County Court condemned the property pursuant to the procedures mandated by Ark. Code Ann. §§ 14-298-120 to 122, and thus the court declined to address the Olivers's arguments regarding sections 14-298-101 to 116. Moreover, the trial court ruled that the Olivers failed to demonstrate how the county judge's dual roles caused him to be unduly influenced in the condemnation

proceeding. Finally, the trial court acknowledged that the Olivers failed to notify the Attorney General's Office, as required by Ark. Code Ann. § 16-111-106(b) (Repl. 1994), of their constitutional challenge to sections 120 to 122. For these reasons, the court denied the Olivers's motion for summary judgment. Although the abstract contains the trial court's letter opinion, the Olivers failed to abstract the actual order denying the motion for summary judgment.

Prior to the jury trial, the Olivers properly notified the Attorney General's Office of their intention to constitutionally challenge sections 14-298-120 to 122. Based upon the contents of an order entered on November 1, 1995, it appears that on the day of trial, October 25, 1995, the Olivers orally renewed their motion for summary judgment. However, the Olivers failed to abstract the orally renewed motion for summary judgment and the arguments presented in support of the renewed motion. The court denied the Olivers's renewed motion in the order filed on November 1, 1995, and the case proceeded to trial. There is no abstract of the testimony at trial, or of the final judgment entered on November 21, 1995. The Olivers filed a notice of appeal from the final judgment entered on November 21, 1995, but they failed to abstract the notice of appeal.

In summary, the Olivers failed to abstract the following: 1) their complaint in the Washington County Circuit Court and request for a trial *de novo*; 2) the order denying the motion for summary judgment; 3) their orally renewed motion for summary judgment in which they properly questioned, for the first time, the constitutionality of Ark. Code Ann. §§ 14-298-120 to 122, and their arguments in support of the renewed motion; 4) the testimony at trial; 5) the November 21, 1995 final judgment from which they appealed; and 6) the notice of appeal filed on December 19, 1995.

■ This court has repeatedly held that a summary of the pleadings and the judgment appealed from are the bare essentials of an abstract. *McPeek v. White River Lodge Enters.*, 325 Ark. 68, 924 S.W.2d 456 (1996); *King v. State*, 325 Ark. 313, 925 S.W.2d 159 (1996). The burden is clearly placed on the appealing party to

provide both a record and abstract sufficient for appellate review. *Cosgrove v. City of West Memphis*, 327 Ark. 324, 938 S.W.2d 827 (1996). We have often written that the record on appeal is limited to that which is abstracted. *Allen v. State*, 326 Ark. 541, 932 S.W.2d 764 (1996). We will not examine the transcript of a trial to reverse a trial court. However, we will do so to affirm. *Haynes v. State*, 314 Ark. 354, 862 S.W.2d 275 (1993). The reason underlying our abstract rule has been stated as follows:

> [T]here is only one transcript, there are seven judges on this court, and it is impossible for each of the seven judges to examine the one transcript.

*King v. State*, 325 Ark. at 315, 925 S.W.2d at 160 (1996).

■ Accordingly, we conclude that the Olivers simply failed to comply with Arkansas Supreme Court and Arkansas Court of Appeals Rule 4-2. We deem it flagrantly deficient, and thus we affirm the judgment. Ark. Sup. Ct. R. 4-2(b)(2).

Affirmed.