STATE OF CALIFORNIA, Stanislaus County *v.* James F. WEST

CA 97-604                                    964 S.W.2d 221

Court of Appeals of Arkansas
Division II
Opinion delivered March 4, 1998

*Charles Dirden*, for appellant.

*Tripcony Law Firm, P.A.*, by: *James L. Tripcony*, for appellee.

ANDREE LAYTON ROAF, Judge. The State of California, which was assigned child support as a condition for providing AFDC and Medicaid benefits, appeals a Pulaski County Chancery Court order finding that appellee James F. West had fully satisfied his past-due child-support obligation, enjoining future collection attempts, and ordering that monies collected through the interception of West's income tax refund and through a wage assignment be refunded. On appeal, California argues that the chancellor erred in finding that West did not owe any child-support arrearages and enjoining its collection attempts. We affirm.

On September 7, 1979, an order was entered in Stanislaus County, California, granting custody of West's daughter to the birth mother. The order also granted to West "reasonable visitation" and required that, commencing September 15, 1979, he pay child support in the amount of $75 per month for his four-year-old daughter Melissa, born August 12, 1975. In addition, the order specified that the support payments be made to the office of the Stanislaus County District Attorney so long as Melissa's mother remained on AFDC. On November 7, 1979, the order was modified to deny West visitation rights. The amount of support, however, was not changed.

West was not diligent in making his support payments. Pursuant to a UIFSA petition filed in California on April 16, 1991, a motion for judgment on arrears was filed in Pulaski County Chancery Court, alleging that an arrearage of $4,310.18 had accrued from September 15, 1979, through April 30, 1990, and praying for judgment in that amount. At that time, California did

not seek interest on the arrearage. On the same day, a consent judgment was filed in which West agreed to the amount of the arrearage and a payment of $50 per month.

On August 17, 1992, a second UIFSA petition was filed in California alleging an arrearage of $3,485.18 as of July 31, 1992, and asking that Pulaski County Chancery Court reduce it to judgment. The petition reflected that the total was calculated by subtracting the $825 West had paid from the previous consent judgment of $4,310.18. Again, interest was not mentioned in the petition. On November 3, 1993, a second order was entered in Pulaski Chancery granting judgment to the State of California in the amount of $4,094, and stating that West agreed to amortize the arrearage through payments of $100 per month, effective November 1, 1993. The order also stated that no current support was due because Melissa had become emancipated. Melissa's eighteenth birthday was August 12, 1993. West subsequently paid the judgment and a "Satisfaction of Judgment" was filed for record on January 9, 1996.

Subsequent to West's satisfaction of the judgment, California caused to be filed in Stanislaus County Superior Court a wage-assignment order alleging that West owed $7,546.23 as of January 31, 1996. The order required that West's employer pay over to Stanislaus County $125 per month. California also intercepted West's $220 income tax refund.

On August 2, 1996, West filed in Pulaski County Chancery Court a motion for declaratory and injunctive relief, alleging that he had completely satisfied the judgment against him and praying that the court find that he owed no additional child support, enjoin California and his ex-wife from collecting any further monies, and order California to disgorge his tax refund and the money it had collected pursuant to the wage assignment.

California opposed West's motion in a responsive pleading and enlisted the Arkansas Office of Child Support Enforcement (OCSE) to represent it at a January 14, 1997, hearing. After filing responsive pleadings, however, according to OCSE's trial counsel, California was not very forthcoming with regard to specific information upon which OCSE could offer a defense, and OCSE did

little on its own to oppose West's motion. The following exchange between OCSE's trial counsel, Ann Dodson, and the chancellor at the hearing is illustrative:

> THE COURT: All right, explain to me again.
>
> Ms. DODSON: Well, we believe that California is claiming an interest, which is how they arrived at the Seven Thousand —
>
> THE COURT: (Interposing) But you don't know. Is that right?
>
> Ms. DODSON: They have not sent us a transmittal.
>
> THE COURT: Have you requested one from them?
>
> Ms. DODSON: Yes, they got notice of Mr. Tripcony's Motion, and Mr. Dirden was in touch with them about giving us a transmittal, and we haven't heard from them. We believe they're relying on those cases, *Tannebaugh (sic) versus Hall* and *Troxell*, Arkansas Supreme Court cases saying that Arkansas Orders don't nullify another state's Order, and, therefore, they have the right to enforce it.
>
> THE COURT: Yeah, but they're not here today. What about that?
>
> Ms. DODSON: They don't have the information to us (sic) and I believe — I'm just here to offer those cases on their behalf. That's it, Your Honor.

OCSE nonetheless attempted to explain how California arrived at the arrearage it alleged in its 1996 order, without success. The chancellor subsequently entered an order finding that West had satisfied in full his child-support obligations and that no further support was owed. Additionally, the court ordered California to pay over all monies confiscated from West since January 9, 1996, and enjoined West's employer from paying any further money pursuant to the wage assignment.

On appeal, California argues that the chancery court was clearly erroneous in ruling that West did not owe any child-support arrearages or reimbursement for government assistance, and erred in enjoining appellant from collecting the 1996 arrearage pursuant to a wage-withholding order issued to West's employer. California acknowledges that a Satisfaction of Judgment was entered in this case, but argues that it pertained only to the 1993 order entered by Pulaski County Chancery Court and that the arrearage not affected by the Satisfaction of Judgment remains

valid until it is paid in full. Relying on *Jefferson County Child Support Enforcement Unit v. Hollands*, 327 Ark. 456, 939 S.W.2d 784 (1997), which it says stands for the proposition that, absent express words of nullification, underlying support orders are unaffected by the orders entered pursuant to URESA or UIFSA relating to the enforcement of the support obligation, California contends that the two Arkansas orders did not impair California's right to collect interest on the arrearage in accordance with California law. These arguments fail to persuade.

■ First, California's reliance on *Jefferson County Child Support Enforcement Unit v. Hollands*, is clearly misplaced as this authority addresses an issue not now before us. Unlike the court in *Hollands*, the Pulaski County Chancery Court did not enter a support order or adjust West's current support obligation; it merely reduced the arrearage to judgment and ordered a monthly payment to amortize the judgment. The fact that an additional arrearage might or might not exist was not argued in Arkansas pursuant to either the 1991 or 1992 UIFSA petitions.

■ ■ Regarding California's arguments concerning the imposition of interest on the arrearage, it is not disputed that California could have asked for interest at the time it transmitted its UIFSA petitions to Arkansas; indeed the form that California transmitted to Arkansas had a section for claiming interest payments that had not been filled in. In *Wells v. Arkansas Pub. Serv. Comm'n*, 272 Ark. 481, 616 S.W.2d 718 (1981), our supreme court defined the doctrine of *res judicata* as a final adjudication on the merits, without fraud or collusion, by a court of competent jurisdiction on a matter litigated or which might have been litigated. Accordingly, we find the issue of whether interest is owed on the arrearage encompassed by the 1993 order is *res judicata*.

Finally, as to California's argument that the chancellor was clearly erroneous in ruling that West owed no additional child support, we note from the transcript of the hearing that OCSE was unable to tell the trial court how California had calculated the arrearage, what portion of the arrearage was interest, and how that interest was calculated. Although we may surmise from the abstracted comments of the chancellor and trial counsel that the

record of West's child-support payments were before the trial court, California has failed to abstract any of those records.

■ It is axiomatic that the record on appeal is limited to what is abstracted and the burden is clearly placed on the appealing party to provide an abstract sufficient for appellate review. *Oliver v. Washington County*, 328 Ark. 61, 940 S.W.2d 884 (1997). Arkansas appellate courts will not examine the transcript of a trial to reverse a trial court. *Id.*

■ Although this court reviews chancery cases *de novo*, it will not disturb a chancellor's findings unless they are clearly against the preponderance of the evidence. *Harrington v. Harrington*, 55 Ark. App. 22, 928 S.W.2d 806 (1996). Absent clear evidence of how California calculated the alleged arrearage, it is impossible to say that the chancellor's finding was clearly against the preponderance of the evidence.

Affirmed.

BIRD and MEADS, JJ., agree.