Nelson MURDERS, Jr., Lester Bates, Vernon Blake, and James Stark *v.* GARLAND COUNTY, Arkansas, and Larry Williams, as Garland County Judge

97-871                                                    966 S.W.2d 900

Supreme Court of Arkansas
Opinion delivered April 23, 1998
[Petition for rehearing denied June 4, 1998.]

*Hurst Law Office, P.A.*, by: *Q. Byrum Hurst*, for appellant.

*Ralph C. Ohm*, for appellee.

ANNABELLE CLINTON IMBER, Justice. At the center of this appeal are a number of ordinances enacted by the Garland County Quorum Court creating and implementing a new solid waste collection system for unincorporated areas of the county. The County excluded Hot Springs Village from required participation in the system. Following the initiation of a declaratory judgment action by the appellants, the trial court granted summary judgment to the County, upholding the constitutionality of the ordinances. Among other things, appellants now contend that the exclusion of Hot Springs Village constitutes a denial of equal protection of the laws. Appellants also argue that the trial court erred in granting summary judgment in that material facts were in dispute and that summary judgment was premature as they were entitled to more discovery. Pursuant to Ark. Sup. Ct. R. 4-2(b), we affirm due to appellants' flagrantly deficient abstract.

In their brief, appellants purport to challenge the constitutionality of five separate ordinances, yet have failed to abstract any of them. *See Blount v. Hughes*, 292 Ark. 166, 728 S.W.2d 519 (1987) (appellants sought mandamus challenging statutory validity of municipal ordinances — abstract was flagrantly deficient due to failure to abstract ordinances despite portions of ordinances contained in appellants' brief). Only two sentences from an ordinance can be found in the abstract (contained in the abstract of appellants' complaint), although the specific ordinance is not identified.

The other remarkable deficiency of appellants' abstract, considering that this is an appeal from the grant of summary judgment, is the failure to abstract *any* of the evidence in the case, including affidavits that were submitted by parties on both sides. Without the benefit of such evidence, it is impossible for the court to determine if genuine issues of material fact exist, or if summary judgment was granted prematurely.

The reason for our rule is one of practicality in that there is only one transcript to be spread among seven members of the court. *See Oliver v. Washington County*, 328 Ark. 61, 940

S.W.2d 884 (1997). It is impossible for each of the seven judges to examine the one transcript. *Id.* Given the state of appellants' abstract, we are precluded from an understanding of the issues on appeal. *See Porter v. Porter*, 329 Ark. 42, 945 S.W.2d 376 (1997).

Affirmed.