## POCAHONTAS FEDERAL SAVINGS & LOAN *v.* J.T. WHITE HARDWARE & LUMBER CO.

CA 99-168                                                    1 S.W.3d 471

Court of Appeals of Arkansas
Division I
Opinion delivered October 13, 1999
[Petition for rehearing denied November 17, 1999.]

*Castleman Law Firm*, by *Bob Castleman*, for appellant.

*Snellgrove, Langley, Lovett, & Culpepper*, by: *Todd Williams*, for appellee.

SAM BIRD, Judge. Appellant Pocahontas Federal Savings and Loan appeals the Greene County Chancery Court's confirmation of a foreclosure sale. J.T White Hardware & Lumber Co. filed a complaint against Richard and Angie Snow to foreclose on a materialman's lien. Pocahontas Federal Savings and Loan was joined as a defendant because it held a construction mortgage on the property that was paramount in priority to appellee's materialman's lien. After a hearing, a foreclosure decree was entered holding that the Snows were indebted to White for

$26,234.76; that appellant held a valid first lien on the property of $65,282.98; and that the property was to be sold by the Commissioner, subject to the first lien. The decree also provided that the proceeds from the sale were to be applied first to the costs and expenses of the sale, second to the judgment in favor of White, and the balance, if any, to be held by the Commissioner pending further orders.

The sale was held on June 17, 1998. Fred Hargett, Pocahontas Federal's Executive Vice President of the Jonesboro branch, attended the sale, and bid $30,000 for the property. There were no other bidders. Subsequent to the Commissioner's sale but before its confirmation by the court, White made demand on Pocahontas Federal to pay its bid of $30,000 into the registry of the court to satisfy White's judgment. Pocahontas Federal objected and filed a petition to set aside the Commissioner's sale and for declaratory judgment or relief, explaining that it had made its bid:

> [U]nder a mistake of fact, believing that the foreclosure sale was also an acceleration of the debt owed separate defendant, Pocahontas Federal, believing that the bid would be a credit against those sums owed Pocahontas Federal as set out in paragraph 8 located at page 3 of the Foreclosure Decree. Defendant believed its bid was necessary in order to protect the first lien status held by Pocahontas Federal. Had the employee and agent, Mr. Fred Hargett, believed otherwise then no bid would have been made on behalf of Pocahontas Federal, without which the Commissioner's Sale would have been concluded with no bid having been made. Again, no third party, nor plaintiff or any representative of plaintiff was present or attended the Commissioner's Sale. At the time and on the date of the sale the bid made by the separate defendant, Pocahontas Federal, was intended to exercise its right of set-off and credit its bid against the outstanding Note and purchase money mortgage owed by the defendants, Richard Snow and Angie Snow, in an amount in excess of its bid.

In the alternative, Pocahontas Federal asked the court to enter specific findings of fact and law setting forth the rights and obligations of the parties regarding its bid, and to declare the bid a set-off or credit against moneys owed to appellant on its mortgage. Poca-

hontas Federal also asked the court to declare that it owed no money to White. The chancellor confirmed the sale.

For reversal, Pocahontas Federal contends the lower court abused its discretion by confirming the foreclosure sale without first having the Commissioner's report of sale before it. It argues that the confirmation is the court's ratification or rejection of the transactions occurring within the formal framework of the judicial sale, and that without the Commissioner's report in the record the court had nothing upon which to exercise its discretion; therefore, the decision was arbitrary and capricious. We are unable to reach the merits of appellant's argument due to a fatal flaw in the record, and, consequently, in the abstract.

The chancellor's order confirming the sale states in part, "[T]he sale [is] confirmed for the reasons set forth in the letter opinion of this Court dated September 2, 1998, a copy of which is attached hereto and incorporated herein by reference." However, there is no letter opinion in the record or abstract. The last sentence of appellant's abstract states: "The Letter Opinion referred to in the Order is not a part of the record compiled by the Clerk for reasons unknown to appellant." Without that letter opinion, we have no way of knowing what the court relied upon in making his decision to confirm the sale. It is appellant's duty to bring us a complete record that demonstrates error. It was the appellant's duty to see to it that the letter opinion *was* included in the record and abstract. The failure to do so is fatal.

■ ■ Rule 4-2(8) of the Rules of the Arkansas Supreme Court and Court of Appeals, provides that the brief shall contain "an Addendum which shall include photocopies of the order, judgment, decree, ruling, *letter opinion*, or administrative law judge's opinion, from which the appeal is taken." Although this court reviews chancery cases *de novo*, it will not disturb a chancellor's findings unless they are clearly against the preponderance of the evidence, *Harrington v. Harrington*, 55 Ark. App. 22, 928 S.W.2d 806 (1996), and it is axiomatic that the burden is clearly placed on the appealing party to provide an abstract sufficient for appellate review. *Oliver v. Washington County*, 328 Ark. 61, 940 S.W.2d 884 (1997). Arkansas appellate courts will not examine

the transcript of a trial to reverse a trial court. *Id. See also Anderson v. Holliday*, 65 Ark. App. 165, 986 S.W.2d 116 (1999); *California v. West*, 61 Ark. App. 69, 964 S.W.2d 221 (1998). In this particular case, it would not be helpful to examine the transcript because, as appellant states in its brief, "The Letter Opinion referred to in the Order is not a part of the record compiled by the Clerk for reasons unknown to Appellant." As the Arkansas Supreme Court has also stated numerous times, it is the appellant's burden to produce a record exhibiting prejudicial error. *City of Maumelle v. Maumelle Lodge of F.O.P.*, 335 Ark. 283, 983 S.W.2d 123 (1998). Without the letter opinion before us, it is impossible to review the chancellor's decision.

Affirmed.

ROBBINS, C.J., and CRABTREE, J., agree.