OFFICE of CHILD SUPPORT ENFORCEMENT *v.*
Bobby Ray ADAMS

CA 05-802 228 S.W.3d 555

Court of Appeals of Arkansas
Opinion delivered February 15, 2006

*Greg L. Mitchell,* for appellant.

*Wilson, Walker & Short,* by: *Joe C. Short,* for appellee.

DAVID M. GLOVER, Judge. The State of Arkansas Office of Child Support Enforcement (OCSE) appeals from the trial court's decision that denied registration of a 1984 State of Washington divorce decree between appellee Bobby Adams and his then wife, Valorie Adams. The trial court based the denial of registration on its conclusion that Washington had ceded jurisdiction over Adams's support obligation in favor of Arkansas prior to the entry of the decree sought to be registered. Finding no error, we affirm.

Although the facts are undisputed, it is necessary to set out the lengthy history of this case. On July 6, 1984, a "Certificate and Order Under URESA"[1] was issued by the Spokane County, Washington, Superior Court (Washington court), accompanied by a petition for support and an affidavit that identified public assistance provided to Adams's wife, Valorie Adams, and their children. In the petition, an obligation of $438.90 a month and arrears of $8,914.80 were identified. The petition further expressly stated that no divorce decree had been issued. These documents were transmitted to OCSE in Arkansas. Thereafter, on July 23, 1984, a divorce decree was entered in the Washington court, setting Adams's child-support obligation at $350 per month.

Subsequently, an agreed order was filed on December 7, 1984, in the Hempstead County, Arkansas, Chancery Court (Arkansas court). This order established Adams's child-support obligation of $58 per week, starting November 9, 1984. The agreed order did not make any reference to the Washington divorce decree.

On April 4, 1991, at the request of OCSE, the Arkansas court entered an order in which it modified the agreed order, increasing Adams's support obligation to $64 per week, starting

---

[1] URESA is the Uniform Reciprocal Enforcement of Support Act. The Revised Uniform Reciprocal Enforcement of Support Act, first codified at Ark. Stat. Ann. §§ 34-2401 to 34-2440 (Repl. 1962) and later codified at Ark. Code Ann. §§ 9-14-301 to 9-14-344 (Repl. 1991, repealed by 1993 Ark. Acts 468), was in effect during this litigation until repealed and replaced by Act 468, which adopted the Uniform Interstate Family Support Act (UIFSA), Ark. Code Ann. §§ 9-17-101 to 9-17-902 (Repl. 2002). We use RURESA and URESA interchangeably and cite to the provisions in the Arkansas Code, not the Arkansas Statutes.

March 28, 1991. That order stated that Adams had willfully refused and failed to comply with the December 7, 1984 agreed order by not providing healthcare coverage. The order did not identify any arrearage or set any weekly amount to repay back support.

On October 19, 1994, again at the request of OCSE, the Arkansas court entered a second order modifying Adams's support obligation, setting biweekly support at $168 starting November 4, 1994. Likewise, this second order did not identify any arrearage or set any weekly amount to repay back support.

On June 1, 1999, a third order was entered by the Arkansas court finding that Adams's minor children had both reached the age of eighteen and had graduated from high school as of June 1, 1999. Based on this finding, the court terminated Adams's obligation to pay current support as of that date. The order, for the first time, also mentioned that Valorie Adams and Adams were divorced by a decree entered in the Washington court in July 1984. The order contained no finding of any arrearage.

OCSE commenced the present case on May 14, 2002, when it filed its petition seeking to register and enforce the Washington divorce decree. The petition, as amended, stated that it was brought pursuant to UIFSA. The petition alleged an arrearage of $8,826.18, as of March 8, 2000. In his response to the petition, Adams denied that he was in arrears, asserted that the State of Washington had relinquished jurisdiction to Arkansas, and stated that he had complied with all support orders issued by the Arkansas court. He also pled the affirmative defenses of *res judicata* and the statute of limitations.

At the hearing, Adams argued that the Arkansas court's orders could, under URESA, nullify the support provision in the 1984 divorce decree or that the court could find that jurisdiction was transferred to Arkansas. Adams also argued that he had paid all support sums ordered by the Arkansas court. In response, OCSE argued that the Arkansas court could not nullify the Washington divorce decree's support provisions without nullifying the entire decree, thereby making Adams's present marriage illegal. In its brief to the trial court, OCSE argued that RURESA did not allow Arkansas, as the responding state, to nullify the prior support provisions of the divorce decree because no specific language of nullification was used in the prior orders.

The trial court ruled from the bench, finding that the initial order issued by the Washington court on July 6, 1984, pursuant to Valorie Adams's URESA petition, ceded jurisdiction over Ad-

ams's child-support obligation to the Arkansas court. The trial court also found that this relinquishment of jurisdiction occurred prior to entry of the Washington divorce decree. The trial court specifically found that Arkansas had jurisdiction over the support issue at the time of entry of the Washington divorce decree and that the Washington decree had never been offered for registration until the present proceeding. The court expressly declared a nullification of the Washington decree's support provisions and denied registration of that decree. Finally, the court declared that Adams had satisfied all child-support obligations imposed by the orders from the Arkansas court. Judgment was entered accordingly and this appeal timely followed.

OCSE raises two points on appeal: that the trial court erred in denying registration of the Washington divorce decree and that the trial court erred in determining that Adams's child-support obligation had been satisfied. A trial court's ruling on child-support issues is reviewed *de novo* by this court, and the trial court's findings are not disturbed unless they are clearly erroneous. *Allen v. Allen*, 82 Ark. App. 42, 110 S.W.3d 772 (2003).

In its first point, OCSE argues that the trial court erred in denying registration to the Washington divorce decree because, under RURESA, a responding state cannot modify the support order of the initiating state without using specific language indicating nullification of the foreign support order. *See* Ark. Code Ann. § 9-14-331 (Repl. 1991, repealed by 1993 Ark. Acts 468); *Jefferson County Child Support Enforcem't Unit v. Hollands*, 327 Ark. 456, 939 S.W.2d 302 (1997); *Office of Child Support Enforcem't v. Troxel*, 326 Ark. 524, 526, 931 S.W.2d 784, 785 (1996); *Tanbal v. Hall*, 317 Ark. 506, 878 S.W.2d 724 (1994). However, these three cases are distinguishable from the present case in that they each involved support orders that were contained in decrees entered in other states several years prior to subsequent enforcement being sought in Arkansas under RURESA. By contrast, in the case at bar, in 1984 the Washington court referred the matter to the Arkansas court prior to entry later that month of the Washington decree. The decree was not disclosed to the Arkansas court until 1999.

■ Upon first notice and opportunity, the Arkansas court used language in the present order specifically nullifying the support language contained in the Washington divorce decree. Although the earlier orders issued by the Arkansas court did not contain express nullification language, OCSE concedes that the Arkansas court had not been made aware of the existence of the

Washington divorce decree and therefore could not have addressed the nullification issue any earlier. Accordingly, we affirm on this point.

■ In its second point, OCSE contends that the trial court erred in ruling that Adams's support obligation had been satisfied. We hold that OCSE is barred from relitigating this issue on the basis of *res judicata* in that there was no appeal from the 1999 order in which Adams's child-support obligation was determined to have been satisfied and no arrearages were found to exist at that time. *See California v. West*, 61 Ark. App. 69, 964 S.W.2d 221 (1998). If OCSE had believed that Adams owed any arrearages under the 1984 Washington divorce decree, it could have sought those arrearages in the 1999 proceedings that terminated Adams's support obligation. The May 2002 petition was too late for OCSE to do so.

Affirmed.

PITTMAN, C.J., and ROAF, J., agree.