Dennis SIMONS, Individually, and In His Official Capacity as an Arkansas State Trooper *v.* Barbara MARSHALL

06-1087                                    251 S.W.3d 303

Supreme Court of Arkansas
Opinion delivered March 1, 2007

*Wilson Law Firm, P.A.*, by: *Elliott Dion Wilson*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christopher R. Hart*, Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant Dennis Simons appeals the order of the Phillips County Circuit Court denying his motion to dismiss the complaint of Appellee Barbara Marshall on the basis that Simons, an Arkansas State Trooper, is immune from the lawsuit and that Marshall's state law claims are statutorily barred. Because the State has submitted a brief without an abstract in violation of Ark. Sup. Ct. R. 4-2(a)(5), we order rebriefing.

Rule 4-2(b)(3) explains the procedure to be followed when an appellant has failed to supply this court with a sufficient brief and states:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

In the case at bar, a hearing was held in the circuit court on July 14, 2006, in which counsel for both parties argued the merits of the State's motion to dismiss. Instead of abstracting the transcript of the hearing as required by Rule 4-2(a)(5), the State included a copy of the transcript in the addendum.

We order the State to abstract the transcript of the July 14 hearing and to file a substituted brief within fifteen days from the date of entry of this order. According to Rule 4-2(b)(3), if the

State fails to file a complying brief within the prescribed time, the order appealed from may be affirmed for noncompliance with the Rule.

After service of the substituted brief, Marshall shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely on the brief that she has previously filed in this appeal.

Rebriefing ordered.