Christopher Charles YARBROUGH *v.* STATE of Arkansas

CR 07-07                                      253 S.W.3d 464

Supreme Court of Arkansas
Opinion delivered March 15, 2007

*Joseph C. Self,* for appellant.

No response.

PER CURIAM. Appellant Christopher Charles Yarbrough was convicted by a jury of possession of marijuana with intent to deliver and possession of drug paraphernalia, for which he received concurrent sentences of sixty months and thirty-six months, respectively, in the Arkansas Department of Correction. On appeal, Yarbrough argued that his right to speedy trial was violated and that the circuit court erred in denying his motion to suppress physical

evidence seized during a traffic stop. In an unpublished opinion, the Arkansas Court of Appeals reversed and dismissed Yarbrough's convictions on the ground that his right to speedy trial was violated. *Yarbrough v. State*, CACR05-1296, slip op. at 1 (Ark. App. Dec. 13, 2006). The State then petitioned this Court for review, contending that the decision of the Court of Appeals is in conflict with prior case law, and is therefore in error. We granted the State's petition for review pursuant to Ark. Sup. Ct. R. 1-2(e) (2006).

As an initial matter, we cannot reach the merits of the case because Yarbrough's brief is not in compliance with Ark. Sup. Ct. R. 4-2(b)(3) (2006). Rule 4-2(b)(3) provides:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum[,] and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

*Simons v. Marshall*, 369 Ark. 184, 251 S.W.3d 303 (2007).

In the instant case, there are two problems with the briefing. First, as to Yarbrough's point on appeal involving the motion to suppress, a copy of the motion is not included in the addendum. Second, Yarbrough's abstract of the suppression hearing on July 11, 2005, does not contain the arguments made by counsel at the hearing. The reason for our rule is one of practicality in that there is only one transcript to be spread among seven members of the court. *See Murders v. Garland County*, 332 Ark. 659, 966 S.W.2d 900 (1998). It is impossible for each of the seven judges to examine the one transcript. *Id.*

Accordingly, we order Yarbrough to submit a substituted brief that contains an abstract and addendum in compliance with our rules. Yarbrough is provided fifteen days from the date of this opinion in which to file a substituted brief, abstract, and addendum to cure the deficiencies, at his own expense, in compliance with Rule 4-2(b)(3). In the event that Yarbrough fails to file a complying brief within the requisite time period, the judgment may be affirmed for noncompliance with the rule. Ark. Sup. Ct. R. 4-2(b)(3).

Rebriefing ordered.