Martin *v.* Martin

5-3902                                   405 S. W. 2d 934

Opinion delivered September 12, 1966

*Virginia H. Ham* and *Q. Byrum Hurst,* for appellant.

No brief filed for appellee.

George Rose Smith, Justice. This is an appeal from the chancellor's refusal to set aside a default judgment against the appellant, in the sum of $1,-165, for child support and an attorney's fee. It is insisted that the default was due to such a misunderstanding between counsel as to constitute an unavoidable casualty.

Mrs. Martin obtained a divorce in 1959. On June 7, 1965, her attorney, John L. Sullivan, notified Martin by letter that he had filed a motion for judgment for the arrears then due and that the matter had been set for hearing on June 15. Martin engaged his present counsel, who filed a motion for a continuance on June 14, asserting a meritorious defense. Despite the pendency of this motion a default judgment was entered against Martin on June 22. His attorneys promptly asked that the judgment be set aside, but after a hearing the chancellor denied the relief sought.

Where an attorney's failure to resist an application for a default judgment is attributable not to any fault on his part but to a misunderstanding between counsel, there is such an unavoidable casualty that the judgment should be vacated, even after the expiration of the term. *Kochtitsky & Johnson* v. *Malvern Gravel Co.,* 192 Ark. 523, 92 S. W. 2d 385 (1936). Here, according to the appellant's uncontroverted abstract of the record, his attorney, Virginia Ham, firmly believed that no definite date for the hearing had been fixed. Her office was next door to the courtroom; she could have been notified in a matter of moments. On the other hand, Judge Sullivan thought that the matter had been reset by agreement for June 22, but he conceded that Mrs. Ham might have misunderstood. Neither lawyer questions the other's good faith, nor is the conduct of either of them open to criticism. In the circumstances we think the motion to set aside the judgment should have been granted, to the end that the issues may be tried on the merits.

Reversed.