SD LEASING, INC. *v.* RNF CORPORATION d/b/a ROBERT'S and Robert FOSTER

82-218                                        647 S.W.2d 447

Supreme Court of Arkansas
Opinion delivered March 7, 1983

*Rose Law Firm, P.A.,* by: *Allen W. Bird, II,* for appellant.

No brief for appellees.

ROBERT H. DUDLEY, Justice. This appeal is from an order setting aside a default judgment. The sole point designated on appeal involves the validity and interpretation of our long arm statute, Ark. Stat. Ann. § 27-2502 (Repl. 1979) and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Jurisdiction is in this Court pursuant to Rule 29 (1) (c). The trial court is not shown to be in error. Therefore, we affirm.

Appellant, SD Leasing, through a dealer in Tennessee, leased a copier machine to appellee, RNF Corporation. All lease payments due pursuant to the non-cancellable agreement were to be made to appellant's address in Little Rock. Appellee Robert Foster, the president and chief executive officer of RNF Corporation, guaranteed all lease payments. The appellant filed suit against appellees for the balance due under the terms of the lease when RNF Corporation ceased making the monthly lease payments. The appellees failed to answer and a default judgment was entered against them. The appellees then filed a motion to set aside the default judgment, alleging two separate grounds: (1) There was a lack of personal jurisdiction in Arkansas, and (2) they had not resisted the application for default judgment due to a misunderstanding between counsel. The order setting aside the default judgment provides that the matter was presented on "Affidavits of the parties, Briefs of the parties and argument of counsel . . . " The order does not specify

whether the default judgment was set aside because of (1) lack of jurisdiction or (2) misunderstanding between counsel, or both. Appellant has not brought up a transcript of the hearing so we do not know the pronouncement by the trial court at the hearing. The record before us consists only of briefs, pleadings and appellant's (not appellees') exhibits.

Appellant's sole point for reversal is that the court in Arkansas had personal jurisdiction over appellees. *See SD Leasing, Inc.* v. *Spain and Associates,* 277 Ark. 178, 640 S.W.2d 451 (1982). However, there is no indication from the limited record before us that the decision of the trial court was based solely on the jurisdictional issue. The second ground, misunderstanding of counsel, may well have been a valid one. Our rule on this ground was articulately set out in *Martin* v. *State,* 241 Ark. 9, 405 S.W.2d 934 (1966) as follows:

> Where an attorney's failure to resist an application for a default judgment is attributable not to any fault on his part but to a misunderstanding between counsel, there is such an unavoidable casualty that the judgment should be vacated, even after the expiration of the term.

*See* ARCP Rule 60 (c) (7).

We do not know whether the trial court relied upon the second ground to set aside the default judgment. The burden was upon the appellant to bring up a record sufficient to demonstrate that the trial court was in error. *King* v. *Younts,* 278 Ark. 91, 643 S.W.2d 542 (1982); A.R.A.P. 6 (b). The appellant has failed to meet its burden. Therefore, we have no choice but to affirm the trial court.

Affirmed.