Billy Ray SHELTON and Sarah Shelton v. Hugh
KELLER, Hugh Keller III and Patsy Keller

CA 87-378                                        748 S.W.2d 153

Court of Appeals of Arkansas
Division I
Opinion delivered April 20, 1988

*Mitchell, Williams, Selig & Tucker*, by: *Mike Wilson*, for appellants.

*William Reed*, for appellees.

JOHN E. JENNINGS, Judge. This was a suit for specific performance of a land sale contract, in which appellants agreed to buy from the appellees 295 acres of land in Lonoke County. After a hearing the trial court found that the contract was valid and enforceable and that the appellees breached it. The court declined to award specific performance, however, because the appellants failed to prove that the lands were "unique." We agree with the appellants' argument that, under the law, such proof is not required and that the court erred in refusing to grant specific performance.

It is generally true that in order to obtain a decree of specific performance of a contract for the sale of personal property, it must be shown that the property is "unique." Ark. Stat. Ann. § 85-2-716 (Add. 1961); 81 C.J.S. *Specific Performance* § 82 (1977). This rule has no application to real property because the law regards land as unique. *See Dickinson* v. *McKenzie*, 197 Ark. 746, 126 S.W.2d 95 (1939); D. Dobbs, *Handbook on the Law of Remedies*, § 12.10 (1973); 81 C.J.S. *Specific Performance* § 76 (1977).

Appellees correctly point out that chancery has some latitude of discretion in granting or withholding specific performance depending on the equities of the particular case. *See Langston* v. *Langston*, 3 Ark. App. 286, 625 S.W.2d 554 (1981). But in the case at bar the court did not decline to grant specific performance because of the equities. The court's judgment was based upon a failure of proof, when such proof is not required by the law.

The case is remanded to the chancellor with directions to enter a decree of specific performance.

Reversed and remanded.

CORBIN, C.J., and CRACRAFT, J., agree.