Linda H. LEE, et al. *v.* F.G. "Buddy" VILLINES, Pulaski County Judge, et al.

96-817                                    942 S.W.2d 844

Supreme Court of Arkansas
Opinion delivered April 21, 1997
[Petition for rehearing denied May 27, 1997.*]

---

* IMBER, J., not participating.

The *Perroni Law Firm, P.A.*, by: *Samuel A. Perroni*, for appellants.

*Pulaski County Attorney's Office*, by: *Karla Burnett*, Staff Attorney, for appellees.

DONALD L. CORBIN, Justice. This is the second appeal of this case, which involves Circuit Judge Marion Humphrey's granting of administrative leave to Appellants, Judge Humphrey's secretary, case coordinator, bailiff, assistant bailiff, probation officer, and law clerk, for the approximately two-week period in May 1993, when the Pulaski County Courthouse was being temporarily relocated for renovations. Jurisdiction of this appeal is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(10) (as amended by *per curiam* July 15, 1996). We find no merit to the appeal and affirm.

Appellee, County Judge F.G. "Buddy" Villines, advised Judge Humphrey that he had been without authority to grant Appellants administrative leave. Appellants filed suit in chancery court against Appellees after Villines had issued an executive order directing the county comptroller to deduct either vacation time or compensation from each Appellant to cover the period they did not work. Appellants claimed economic loss and denial of due process. The chancellor on assignment, John Lineberger, entered a permanent injunction preventing the comptroller from deducting either vacation time or compensation from Appellants. In the first appeal, *Villines v. Lee*, 321 Ark. 405, 902 S.W.2d 233 (1995), this court reversed the chancellor's decision for equity's lack of subject-matter jurisdiction over writs of mandamus and directed that the case be transferred to circuit court. The case was then heard by the same judge, John Lineberger, sitting as circuit judge on assignment. The circuit judge held a hearing and ultimately entered an order dismissing Appellants' claim with prejudice. This appeal is from the order of dismissal.

█ Appellants raise four points for reversal of the order of dismissal. We cannot conduct a meaningful review of all four arguments, however, because neither the transcript nor the abstract contains the March 25, 1996 memorandum opinion to which the order of dismissal refers; Appellants did not include the March 25, 1996 memorandum opinion in their designation of record. The order of dismissal states in its entirety: "In accordance with the Court's Memorandum Opinion of March 25, 1996, it is hereby Ordered, Decreed, and Adjudged that the Plaintiff's petition is without merit and is dismissed with prejudice." Thus, we are left with only the bare conclusion to dismiss, and, therefore, cannot review the trial court's reasoning or any of its findings leading to that conclusion. *See Sturch v. Sturch*, 316 Ark. 53, 870 S.W.2d 720 (1994).

Appellants' first point for reversal is a request to review the dismissal, and the record on appeal is sufficient for our review of this point. Appellants contend that the circuit court erred in dismissing the mandamus proceeding to compel Appellee Villines to rescind his executive order. Appellants argue that, pursuant to Ark. Code Ann. §§ 16-13-1409(d)(4), -1410(d)(5), -1411(d)(4), -

1412(e)(4), –1413(d)(2), and –1414(d)(4) (Repl. 1994), counties must give employees of circuit judges the same benefits as county employees. Thus, their argument continues, that the crediting of benefits to them as employees is a ministerial act subject to a writ of mandamus. Appellants rely on *Venhaus v. State*, 285 Ark. 23, 684 S.W.2d 252 (1985), where this court held that quorum courts and county judges have jurisdiction over local matters only and that circuit courts and their employees are not local matters.

Appellees respond that Act 286 of 1989 amended the above-cited statutes to provide that circuit court employees "shall be treated by Pulaski County in the same manner as other Pulaski County employees for all other purposes." Thus, Appellees argue that because no other employees received the approximate two weeks off that Appellants did, in order for Appellants to be treated as all other county employees, they must be charged in accordance with the county's policy with either vacation time or money for the period in question.

■ The language of Act 286 is clear and mandates that circuit court employees be treated as other county employees. This language was enacted after *Venhaus*, 285 Ark. 23, 684 S.W.2d 252. In addition, the issue in *Venhaus* was whether the quorum court had authority to *set* the salary of circuit court employees, not, as is the issue presented in this case, whether the quorum court has authority to enforce the county's leave-time policy. It is not disputed that Appellants were the only employees who did not work during the period in question. We thus conclude that it was Appellee Villines's ministerial duty to treat Appellants the same as all other county employees and that the executive order accomplished the equality of treatment. Accordingly, Appellants have not demonstrated that mandamus should issue to direct Appellees to rescind the executive order, and the circuit court did not err in dismissing the petition.

■ Appellants' second and third points for reversal require review of specific findings by the circuit judge — that Appellee Villines was exercising a discretionary function when he issued the executive order and that he could legally issue the executive order. As previously stated, we cannot determine from this record that

these specific findings were made by the trial court. We will not make such an assumption. Moreover, as there are no such findings in this record, it makes our review of them practically impossible. We have stated time and time again that it is the appellant's burden to produce a record on appeal sufficient for our review. *Ozark Auto Transp., Inc. v. Starkey*, 327 Ark. 227, 937 S.W.2d 175 (1997).

■ Appellants' fourth and final point for reversal is that the circuit court erred in failing to consider equitable estoppel as a cause of action. While there is no written finding in this record for our review, there is in the abstract such a finding from the bench. The circuit judge stated from the bench that he interpreted this court's decision to transfer the case to circuit court as a statement that, although equitable estoppel may be raised in both equity and law courts, there would be no need to transfer to circuit court if this particular claim existed in chancery court. We conclude the circuit judge interpreted this court's first decision correctly, and we find no error in his ruling.

The order of dismissal is affirmed.

BROWN, J., concurs.

IMBER, J., not participating.