The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, Arkansas 72116-5232
Dear Representative Vess:
This official Attorney General opinion is rendered in response to a question you have raised concerning the retirement eligibility of bailiffs for the circuit and chancery courts in the Sixth Judicial District. You have asked:
 Are bailiffs for the circuit and chancery courts of the Sixth Judicial District subject to the same retirement eligibility requirements as deputy sheriffs?
It is my opinion that bailiffs for the circuit and chancery courts of the sixth Judicial District are subject to the same retirement eligibility requirements as deputy sheriffs.
"County employees" (as that term is defined in A.C.A. § 24-4-101) are required to be members of the County Division of the Arkansas Public Employees' Retirement System (APERS). See A.C.A. § 24-4-301(b). The term "county employee" is defined in A.C.A. § 24-4-101 as follows:
 "County employees" means all employees whose compensations are payable, either directly or indirectly, by county participating public employers and includes employees of the Association of Arkansas Counties and official court reporters and stenographers of the circuit courts and chancery courts.
A.C.A. § 24-4-101(10). Pulaski County, in which the Sixth Judicial District is located, is a "county participating public employer" within the meaning of the above-quoted provision. Accordingly, county employees in the Sixth Judicial District are members of APERS. Deputy sheriffs, as county employees, are therefore members of APERS, and are subject to its retirement eligibility requirements. See, e.g., A.C.A. § 24-4-508. Your question therefore requires an inquiry into the issue of whether bailiffs are "county employees." Under the above-quoted definition of that term, bailiffs in the Sixth Judicial District can be considered to be "county employees" if their compensation is payable, either directly or indirectly, by the county.
Under the provisions of A.C.A. § A.C.A. § 16-13-1413(c), the compensation of bailiffs for the circuit, chancery, and circuit/chancery courts in the Sixth Judicial District is paid by the county. That statute states: "The bailiffs and assistant bailiffs of each of the [circuit, chancery, and circuit/chancery] courts [in the Sixth Judicial District] shall receive a salary as set by the quorum court." A.C.A. § 16-13-1413(c).
The fact that bailiffs' compensation is paid by the county indicates that bailiffs are "county employees," within the meaning of the definition set forth in A.C.A. § 14-4-101(10) (the definitions section of the APERS statutes). Accordingly, I must conclude that as county employees, bailiffs are members of APERS, and are therefore subject to the same retirement eligibility requirements as are applicable to deputy sheriffs.
My conclusion regarding this matter is bolstered by the provisions of A.C.A. § 16-13-1413(d)(2), which states: "Those employees covered by this section [which includes bailiffs] shall be treated by Pulaski County in the same manner as other Pulaski County employees for all other purposes." The Arkansas Supreme Court reinforced this provision in Lee v.Villines, 328 Ark. 189, 942 S.W.2d 844 (1997).
Because bailiffs are covered by A.C.A. § 16-13-1413(d)(2), they must, under that statute, and under the holding of Lee v. Villines, supra, be subject to the same retirement eligibility requirements as deputy sheriffs. Moreover, because they are "county employees," within the meaning of the APERS laws (as discussed previously), they are members of APERS, as are deputy sheriffs, and are therefore subject to the same retirement eligibility requirements as are deputy sheriffs.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh