J. Stephen WARNOCK *v.* Ann WARNOCK (Laser)

98–698                                                988 S.W.2d 7

Supreme Court of Arkansas
Opinion delivered March 4, 1999
[Petition for rehearing denied April 15, 1999.*]

---

\* GLAZE, J., not participating.

*T. David Carruth*, for appellant.

*Gilbert Law Firm*, by: *Melinda R. Gilbert*, for appellee.

R AY THORNTON, Justice. This is an appeal from the Pulaski County Chancery Court's order from a contempt hearing finding that appellant was in arrears to appellee in the payment of child support. On appeal, appellant argues that the chancellor erred in failing to grant appellant's motion for her recusal from the case, in modifying previous orders without finding that a significant change of circumstances existed, in retroactively modifying a 1994 order of the court; in finding that appellant would make $23,300.00 in 1997; and in failing to make written findings as required to impute income or heightened earning capacity to appellant. Appellant further argues that he is denied equal protection under the Arkansas and United States Constitutions by application of the Arkansas Family Support Chart.

Unfortunately, we are unable to reach the merits of this case, and must affirm based on the insufficiency of appellant's abstract under Ark. Sup. Ct. R. 4-2(b)(3), and the failure of appellant to raise his constitutional argument to the court below. In reviewing the abstract, it is apparent that all of the documents that are necessary for an understanding of the questions presented in this appeal are not abstracted. Specifically, the abstract fails to reflect any of the following documents: the first order of the trial court for the October 14, 1997, hearing, in which the chancellor denied appellant's motion for her recusal; the lower court's second order from the October 14, 1997 hearing, filed January 9, 1998, which is the order appealed from; and appellant's Notice of Appeal. The abstract of appellee's Motion for Contempt, which gave rise to the hearing appealed from, is so incomplete as to convey no information to this court other than to show that it exists. The parties' exhibits introduced at trial have also not been abstracted, although they were alluded to and relied upon by witnesses at trial and by counsel in their arguments on appeal. Appellant also failed to designate a complete record on appeal, rendering the record bereft of many documents necessary to an understanding of the proceedings

below. Among these are: the divorce decree; the 1992 order that we are told established appellant's original child-support obligation; and the July 1994 order establishing appellant's child support at one-half of his original obligation or twenty-five percent of his unemployment benefits, which may also have required that upon gaining employment, appellant's support obligation would again be determined by the Family Support Chart.

■ ■ This court has repeatedly held that a summary of the pleadings and the judgment appealed from are the bare essentials of an abstract. *Oliver v. Washington County*, 328 Ark. 61, 63, 940 S.W. 2d 884, 885 (1997)(*citing McPeek v. White River Lodge Enters.*, 325 Ark. 68, 924 S.W. 2d 456 (1996); *King v. State*, 325 Ark. 313, 925 S.W. 2d 159 (1996)). We will not examine the transcript of a trial to reverse a trial court. However, we will do so to affirm. *Id., (citing Haynes v. State*, 314 Ark. 354, 862 S.W. 2d 275 (1993).

■ Rule 4-2 of the Rules of the Supreme Court and Court of Appeals sets out the requirements for the abstract and brief, and the reason underlying our abstract rule has been stated as follows: There is only one transcript, there are seven judges on the court, and it is impossible for each of the seven judges to examine the one transcript. *Id. (citing King v. State*, 325 Ark. 313, 925 S.W. 2d 159 (1996)). Furthermore, in the case at hand, even if it were possible for each of us examine the transcript provided, it did not contain all the orders necessary for appellate review of this case.

■ ■ We have often written that any issue outside the record will not be considered on appeal. *Stewart v. Winfrey*, 308 Ark. 277, 282, 824 S.W. 2d 373, 376 (1992). The burden is on the appellant to bring up a record sufficient to demonstrate that the trial court was in error, and where the appellant fails to meet its burden, this court has no choice but to affirm the trial court. *SD Leasing Inc. v. RNF Corp.*, 278 Ark. 530, 532, 647 S.W. 2d 447, 449 (1983). Our review on appeal is limited to the record as abstracted, and we will not reach the merits of a case when documents in the transcript that are necessary for an understanding of the case are not abstracted. *Burns v. Carroll*, 318 Ark. 302, 885 S.W. 2d 16 (1994).

■ We are similarly unable to reach the merits of appellant's final point on appeal, that he was denied equal protection under the Arkansas and United States Constitutions. Appellant argues that because the Arkansas Family Support Chart treats appellant, as the noncustodial parent of two children by different mothers, different from a noncustodial parent with two children by the same mother, by requiring him to pay more for support of his two children, it violates constitutional standards. Appellant conceded at oral arguments that this argument was not raised below. A constitutional issue will not be addressed if it was not brought to the trial court's attention for a ruling during trial or at some point prior to the entry of final judgment. Additionally, any issue outside the record will not be considered on appeal. *Stewart v. Winfrey*, 308 Ark. 277, 282, 824 SW. 2d 373, 376 (1992).

For the above reasons, we affirm.

ARNOLD, J., dissenting.

GLAZE, J., not participating.

W H. "DUB" ARNOLD, Chief Justice, dissenting. I agree with the majority that the abstract in this case is so flagrantly deficient, as it was submitted, that this Court would never have been able to reach the merits of the case due to the fact that material parts of the pleadings, proceedings, facts, documents, and other matters in the record necessary to an understanding of all questions presented to the Court for decision were not abstracted. However, I believe that because appellant made some very compelling arguments on appeal, an affirmance of the trial court based upon a deficient abstract is unduly harsh, as the appellant will lose his right to an appeal on the merits of the case because of mistakes made in the preparation of the abstract.

Therefore, pursuant to Rule 4-2(b)(3) of the Rules of the Supreme Court, I believe the Court should allow appellant's attorney time to revise his brief, at his own expense, to conform to Rule 4-2(a)(6). Upon the filing of such a substituted brief by the appellant, I believe the Court should then afford the appellee an opportunity to revise or supplement the brief, at the expense of appellant's counsel.