Timothy Delwin GIBBS; Terri Dawn Gibbs Behan;
and Clayton Dustin Gibbs *v.* Roy Leo HENSLEY,
*Guardian*; Alice Aileen Gibbs; The Estate of
Alice Aileen Gibbs; Regions Bank; and the
Estate of Vestal M. Gibbs, *Deceased*

01-155                                                    44 S.W.3d 334

Supreme Court of Arkansas
Opinion delivered May 31, 2001

*Claude W. Jenkins,* for appellants/cross-appellees.

*Phil Stratton,* for appellee/cross-appellant Roy Leo Hensley.

JIM HANNAH, Justice. Appellants Timothy Delwin Gibbs,
Terri Dawn Gibbs, and Clayton Dustin Gibbs appeal the
chancery court's decision that their grandfather, Vestal M. Gibbs,
entered into a valid contract to make a will and that Roy Leo
Hensley was a proper party to a third-party action. Hensley cross-
appeals asserting that the chancery court erred in failing to find that
Vestal's wife, Alice, ratified and joined in the contract to make a
will as a party when she executed the will and other documents
required by the contract between Hensley and Vestal.

Equity cases are tried de novo on the record. *Arkansas
Presbytery v. Husdon,* 344 Ark. 332, 40 S.W.3d 301 (2001). Unfortu-
nately, we are unable to reach the merits of this case due to a failure
to bring up a sufficient record. Although this case began with the

filing of a complaint in September 1998, the record provided commences with the filing of a petition for partition on June 26, 2000. The record is incomplete. The docket sheet does not track the record provided, but rather shows the first document filed was a petition to enforce a contract to make a will filed on January 19, 2000. This is not accurate because, as noted, the first document was filed in September 1998.

The missing pleadings, orders, and documents include several that are relevant to the issues presented by both the appellant and the cross-appellant. The July 12, 2000, order and the November 15, 2000, order are discussed by the parties in their arguments. While the orders appear in the record, the June 20, 2000, memorandum opinion setting out the chancellor's ruling referenced in those orders is neither in the record nor is it abstracted. Additionally, the parties argue the issue of whether the trial court erred in its decision on the contract to make a will; however, the petition that raised this issue in the trial court is not in the record. This is the same situation with the third-party complaint. An initial review of the existing record reveals there are at least fourteen missing documents that can be easily identified.

We have stated time and time again that it is the appellant's burden to produce a record on appeal sufficient for our review. *Lee v. Villines*, 328 Ark. 189, 942 S.W.2d 844 (1997); *Ozark Auto Transp., Inc. v. Starkey*, 327 Ark. 227, 937 S.W.2d 175 (1997). *See also Warnock v. Warnock*, 336 Ark. 506, 988 S.W.2d 7 (1999); *SD Leasing Inc. v. RNF Corp.*, 278 Ark. 530, 647 S.W.2d 447 (1983). The record simply does not place the matters argued before this court. Issues outside the record will not be considered on appeal. *Stewart v. Winfrey*, 308 Ark. 277, 824 S.W.2d 373 (1992).

For the above reasons, we affirm.