IN THE MATTER of ESTATES of J.I. SEAY, Sr., and Hilma R. Seay, *Deceased*, George L. Seay and James Irby Seay, Jr. *v.* Helen S. QUINN and Bancorpsouth (Formerly First National Bank in Stuttgart, Arkansas)

02-650                                   98 S.W.3d 821

Supreme Court of Arkansas
Opinion delivered February 28, 2003

[Petition for rehearing denied April 10, 2003.]

*Charles J. Lincoln, P.A.*; and *Richard H. Wootton*, for appellants.

*Malcolm R. Smith, P.A.*, for appellees.

W H. "DUB" ARNOLD, Chief Justice. Before us now is the fifth appeal of this case and the second appeal of the November 29, 1999, order entered by the trial court. We hold that appellants have not filed a sufficient record to consider the issues appealed. As such, the case is affirmed.

The underlying facts leading to this case involve a dispute over the distribution of the assets of a liquidating trust which contained approximately 1,600 acres of land previously held by a closely-held family corporation called Wild Life Farms, Inc. (hereafter "WF") and the resulting tax and asset issues that ensued once James Irby Seay, Sr., died and his will was admitted into probate in September of 1981.

In the initial appeal of this matter, appellants George Seay and James Seay, Jr., had originally filed suit against the trustees, alleging the Seays were entitled to the trust assets and the trustees had no power to have conveyed the title to the acreage to WF.[1] Eventually, the chancellor granted partial summary judgment in favor of WF. A trial was then held in the matter from October 5, 1998, to October 12, 1998; and, on December 18, 1998, the chancellor entered an "interim decree" dismissing the Seays' complaint "except as to matters and things hereby reserved as set out in the court's findings of fact and conclusions of law." The Seays appealed the chancellor's earlier September 28th order granting WF partial summary judgment, but their appeal was later dismissed by the court of appeals on October 27, 1999, because the

---

[1] The Seays alleged many counts setting out their claims for damages and relief, but it is unnecessary for purposes of this opinion to discuss those claims here.

chancellor's order was not final. *See Seay v. Wildlife Farms, Inc.,* CA-99-122, slip op. at 4 (Ark. App. October 27, 1999). The court of appeals further held that the Seays failed to comply with Ark. R. Civ. P. 54(b) under which they could have acquired an express determination that they could appeal the non-final order because there was no reason to delay an appeal. *Id.*

After the Seays' appeal was dismissed, the parties returned to the chancellor, and he entered a final order on November 29, 1999, resolving the issues against the Seays that had been previously reserved in the chancellor's "interim decree" dated December 18, 1998. The Seays then appealed the November 29, 1999, order, which this Court dismissed as untimely due to the Seays' failure to obtain a timely extension to file the record under Ark. R. App.—Civ. 5(b). *Seay v. Wildlife Farms, Inc.,* 342 Ark. 503, 29 S.W.3d 711 (2000).

■ The trial court entered three orders dated after this Court's 2000 decision, which the Seays now appeal. In our 2000 decision, we held that the Seays, by filing a brief dealing only with the summary-judgment issue, had waived or abandoned any other issues they could have raised. *Id.* at 510. We, therefore, now hold that all issues and orders entered before November 29, 1999, are moot based upon this Court's 2000 decision dismissing the appeal of the November 29, 1999, order; as such, the only three issues before us are: an October 3, 2001, order denying a motion for reconsideration; an October 30, 2001, order denying discovery; and, an order of final distribution filed February 27, 2002, granting attorneys' fees. Appellants have failed to file a sufficient record before us to decide these issues; as such, the case is affirmed.

### I. Order Denying Motion for Reconsideration

The trial court's order denying appellants' motion for reconsideration does not appear in the addendum, and it was not abstracted. The order does appear in the record; however, the order only denies the motion and does not tell us what was before the court. Further, the motion for reconsideration itself does not appear in the addendum, abstract, or record, either as a written

motion or as an oral motion set out in a transcription of a hearing. It is impossible for us to know what the motion entailed.

## II. Order Denying Discovery

Likewise, as with the motion for reconsideration, we have only the order denying discovery and nothing else abstracted or included in the addendum. It is unclear what the discovery was even about, other than it related to attorneys' fees that were granted after this Court's 2000 opinion; we only know this from the transcription included in the record of a discussion that states that the motion was about attorneys' fees.

## III. Final Order of Distribution

Appellants contend that the probate court lacked jurisdiction to grant attorneys' fees, which were granted in the February 27, 2002, order of final distribution. Appellants argue that the fees were granted based upon work done with respect to the trusts created by Mr. Seay, Sr.'s will and that only a chancery court has jurisdiction over construction, operation, and interpretation of trusts. Appellants argue that this is a question of subject-matter jurisdiction and attempt, in their argument, which is extremely broad, to revert back to issues litigated in the 1980s on this issue. As stated above, appellants are limited by our prior opinion to fees granted after the November 29, 1999, order. As such, the only period for which the Seays can contest this issue is from the November 29, 1999, order involved in our 2000 decision and the closing of the estate on February 27, 2002.

The only order after November 29, 1999, granting fees is the November 15, 2001, order which, like the other orders discussed above, is not included in the addendum, abstract, or even in the record. The only copy appears as an exhibit to the appellants' response to appellees' motion to dismiss this appeal. This copy does not comply with our rules. See Ark. R. App. P.—Civ. 6, 7. Moreover, the final order of distribution merely confirms that final distribution has been made "in accordance with previous orders," which are not included for this Court's consideration.

■ ■ We have stated time and time again that it is the appellant's burden to produce a record on appeal sufficient for our review. *Gibbs v. Hensely*, 345 Ark. 179, 44 S.W.3d 334 (2001); *Lee v. Villines*, 328 Ark. 189, 942 S.W.2d 844 (1997); *Ozark Auto Transp., Inc. v. Starkey*, 327 Ark. 227, 937 S.W.2d 175 (1997); *see also Warnock v. Warnock*, 336 Ark. 506, 988 S.W.2d 7 (1999); *SD Leasing Inc. v. RNF Corp.*, 278 Ark. 530, 647 S.W.2d 447 (1983). The record simply does not place the matters argued before this Court. Issues outside the record will not be considered on appeal. *Gibbs v. Hensely, supra*; *Stewart v. Winfrey*, 308 Ark. 277, 824 S.W.2d 373 (1992).

■ For all of the foregoing reasons, we do not have a sufficient record before us to consider the issues appealed. As such, the case is affirmed.

Affirmed.