Jessie JOHNSON  *v.*  Alvin SIMES

04-77                                                          204 S.W.3d 58

Supreme Court of Arkansas
Opinion delivered February 24, 2005
[Rehearing denied April 7, 2005.]

Appellant, *pro se.*

No response.

ROBERT L. BROWN, Justice. This is a one-brief appeal. Appellant Jessie Johnson appeals from the circuit court's order (1) denying his motion for summary judgment and (2) granting the motion of appellee Alvin Simes, thereby dismissing Johnson's complaint against Simes. The court of appeals certified this case as involving a significant issue needing clarification of the law regarding Rule 6(c) of the Arkansas Rules of Appellate Procedure – Civil. Johnson asserts nineteen "issues" to be considered on appeal. We affirm the order of the circuit court due to an insufficient record filed by Johnson.

The facts are these. Johnson resides in West Helena, and Simes is an attorney who practices by himself with an office in Forrest City. On May 8, 1997, an explosion and fire occurred at BPS's agriculture chemical packaging plant in West Helena. A class-action complaint was subsequently filed on behalf of those individuals who suffered injury due to exposure to toxic chemicals. Johnson contends that he "signed up" as one of the class members with Simes as his attorney. Simes has stated that he was in law partnership with James and Andre Valley practicing under the firm name of Simes & Valley at the time Johnson sought representation. Thereafter, Simes & Valley dissolved, and James and Andre Valley joined the Wilson Law Firm, creating the law firm of Wilson & Valley. Simes asserts that Dion Wilson, who was an attorney with Wilson & Valley, filed the class action complaint against BPS and that Johnson was designated as "John Doe #1." Simes argued to the court that he never entered an appearance as an attorney for anyone in the BPS case or had any contract to represent Johnson in the matter.

On April 1, 2002, Johnson filed a complaint in circuit court and, according to the circuit court's docket notation, issued summonses to defendants Dion Wilson, Don Trimble, and Alvin Simes. In the complaint, Johnson alleges that he employed Wilson, Trimble, and

Simes to represent him in the settlement arising from the BPS chemical explosion in 1997. Johnson alleges that the attorneys fraudulently mishandled his representation by removing his name from the settlement list in bad faith. Johnson alleges that others who "signed up" for representation were paid, but he was not. Johnson asks for $5,000,000 in damages. According to the docket sheet, Wilson and Trimble apparently filed an answer to the complaint and moved to dismiss it under Arkansas Rule of Civil Procedure 8(a). The motion to dismiss and answer are not in the record.

Later, Johnson moved the circuit court to add Simes as a defendant to his complaint and also moved for production of documents concerning the BPS settlement.[1] The circuit court held a hearing on Johnson's motions. The motions and a transcript of the hearing are not in the record. The circuit court granted Johnson's motion to add Simes as a party, but the record does not contain the circuit court's ruling on Johnson's other motion. Johnson then apparently filed a motion for a hearing concerning Simes's involvement with the case, but this motion for a hearing is not in the record.

Johnson next sent a letter to the circuit judge asking for summary judgment due to Simes's failure to respond and because there are no disputed facts at issue. This summary-judgment letter was read by Johnson into the record at his hearing and is included in the hearing's transcript, but the letter itself is not in the record. On August 1, 2003, the circuit court held a hearing on Wilson's and Trimble's motion to dismiss. Wilson, Trimble, and Johnson appeared at the hearing, following which the court issued an order granting the motion and dismissing without prejudice Johnson's complaint against them. The circuit court subsequently held a hearing on Johnson's summary-judgment letter/motion during which Johnson read his letter to the court. At the hearing, Simes presented to the court an answer to Johnson's complaint and a motion to dismiss the complaint with prejudice. Neither Simes's answer nor his motion to dismiss are in the record. During the hearing, Simes asserted that he was never served with a complaint or an amended complaint and that he never had an attorney-client relationship with Johnson.

---

[1] It is not clear why this motion to add Simes as a party was necessary, since Simes was an original party defendant, according to the docket sheet.

Also at the hearing on the motion, Johnson introduced a letter into evidence from Simes to the executive director of this court's Committee on Professional Conduct in which Simes explained the breakup of Simes & Valley and referred to the time when Johnson "employed" him "to represent him regarding matters arising from the BPS explosion." In an attempt to prove service of his complaint on Simes, Johnson introduced into evidence a summons form dated July 1, 2003.

The circuit court entered an order dismissing Johnson's complaint against Simes. Johnson filed a notice of appeal from this order and tendered his record on appeal to the Supreme Court Clerk. He then filed a *pro se* motion with this court to proceed *in forma pauperis*. This court denied Johnson's motion to proceed *in forma pauperis* and found that he had failed to demonstrate that he had a colorable cause of action required by Rule 72 of the Arkansas Rules of Civil Procedure, because he merely asserted that an injustice will be done if he is not allowed to proceed without paying costs. *See Johnson v. Simes*, 04-77 (Ark. Mar. 4, 2004) (*per curiam*).

Johnson then paid $100 to file his appeal, lodged his record, and tendered a brief. The Supreme Court Clerk returned Johnson's brief to him and informed him that the clerk was not permitted to file his brief, because it lacked an abstract and Addendum and otherwise failed to conform with the Supreme Court's rules. Johnson tendered another brief, and it was returned to him, because it also lacked an abstract and Addendum and failed to conform to this court's rules. Johnson next filed a *pro se* motion for leave to file a non-conforming brief and tendered the same brief as had been submitted before. The court of appeals denied Johnson's motion without comment, and Johnson filed a *pro se* "motion for extension of time to put forth addendum to the appeal brief as appendix part abstract appendix of records/records of the case." The court of appeals granted the extension until June 25, 2004. On June 7, 2004, Johnson filed his brief.

Simes did not file an Appellee's brief. Five days after Simes's response was due, Johnson filed a *pro se* motion to expedite his appeal, which the court of appeals granted. The court of appeals then dismissed Johnson's appeal without prejudice on the basis that it was not an appeal from a final order. *See Johnson v. Simes*, CA04-77 (Ark. App. Sept. 29, 2004) (*per curiam*). Specifically, the court of appeals noted that the record did not include an order

dismissing the other two defendants, Wilson and Trimble, and that the circuit court had not issued a Rule 54(b) certification to allow an immediate appeal.

Thereafter, Johnson filed a *pro se* motion to reinstate his appeal and to supplement the record. The motion included a certified copy of the circuit court's order dismissing Johnson's suit against Wilson and Trimble. The court of appeals denied Johnson's motion without comment, but Johnson then filed a *pro se* motion for reconsideration to reinstate his appeal and to supplement the record with the circuit court's order regarding Wilson and Trimble. The court of appeals apparently reversed itself, granted Johnson's motion for reconsideration, and reinstated his appeal without comment. Johnson then filed a motion to expedite his appeal, and the court of appeals granted the motion. On January 26, 2005, the court of appeals certified the case to this court for purposes of clarifying a significant issue involving Arkansas Rule of Appellate Procedure – Civil 6(c).

Johnson essentially argues three issues on appeal, although he raises nineteen points. He urges, first, that the circuit court erred in granting summary judgment to Simes, because Johnson presented clear and conclusive evidence that Simes was employed by Johnson to represent him in the BPS explosion matters. He argues, secondly, that the circuit court erred in dismissing his complaint, because the court knew that Simes committed perjury and failed to act. Thus, the judge denied Johnson due process under the Fourteenth Amendment to the United States Constitution. Finally, Johnson asserts that the circuit judge was biased against him. Again, Simes has filed no Appellee's brief in response.

An order denying a motion for summary judgment is ordinarily not an appealable order. *See, e.g. Southern Farm Bureau Cas. Ins. Co. v. Daggett*, 354 Ark. 112, 118 S.W.3d 525 (2003). However, such an order is appealable when it is combined with a dismissal on the merits that effectively terminates the proceeding below. *See id.* Accordingly, the circuit court's order combining the denial of summary judgment and the dismissal of the instant case is an appealable order.

The court of appeals has certified this case to this court to clarify the law on whether affirming a case is appropriate when the record is incomplete but the abbreviated record was not objected to by the opposing party, as provided under Rule 6(c) of the Arkansas Rules of Appellate Procedure – Civil. Rule 6 of the Arkansas Rules of Appellate Procedure – Civil reads in pertinent part:

(a) *Composition of Record.* The record shall be compiled in accordance with the rules of the Arkansas Supreme Court and Court of Appeals.

(b) *Transcript of Proceedings.* . . . If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or contrary thereto, he shall include in the record a transcript of all evidence relevant to such finding or conclusion. If the appellant has designated less than the entire record or proceeding, the appellee, if he deems a transcript of other parts of the proceedings to be necessary, shall, within ten (10) days after the filing of the notice of appeal, file and serve upon the appellant (and upon the court reporter if additional testimony is designated) a designation of the additional parts to be included. The appellant shall then direct the reporter to include in the transcript all testimony designated by appellee.

(c) *Record to be Abbreviated.* . . . Where parties in good faith abbreviate the record by agreement or without objection from opposing parties, the appellate court shall not affirm or dismiss the appeal on account of any deficiency in the record without notice to appellant and reasonable opportunity to supply the deficiency. Where the record has been abbreviated by agreement or without objection from opposing parties, no presumption shall be indulged that the findings of the circuit court are supported by any matter omitted from the record.

. . .

(e) *Correction or Modification of the Record.* If any difference arises as to whether the record truly discloses what occurred in the circuit court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the circuit court, either before or after the record is transmitted to the appellate court, or the appellate court on proper suggestion, or on its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary, that a supplemental record be certified and transmitted. All other questions as to form and content of the record shall be presented to the appellate court.

Ark. R. App. P. – Civ. 6(a)-(c), (e).

In its certification, the court of appeals urges this court to consider its holding that this court will affirm when an appellant fails to bring up a sufficient record to demonstrate error, even when the appellant has designated a partial record. *See, e.g., In Re: Estates of Seay v. Quinn*, 352 Ark. 113, 98 S.W.3d 821 (2003) (motion upon which final order was based not in record; issues outside record not considered on appeal); *Dodge v. Lee*, 352 Ark. 235, 100 S.W.3d 707 (2003) (this court would not consider appellant's counterclaim on appeal because it was not included in the record; thus, record was insufficient and this court affirmed). In this regard, the court of appeals asks this court to clarify a perceived conflict between cases in which we have affirmed due to a deficient record and Rule 6(c), which was copied from superseded Ark. Stat. Ann. § 27-2127.6 (Repl. 1962), and allows the appellant notice and a reasonable opportunity to correct a record deficiency. *See, e.g., Winters v. Elders*, 324 Ark. 246, 920 S.W.2d 833 (1996); *Young v. Young*, 316 Ark. 456, 872 S.W.2d 856 (1994). Specifically the court of appeals focuses on this provision in Rule 6(c):

> Where parties in good faith abbreviate the record by agreement or without objection from opposing parties, the appellate court shall not affirm or dismiss the appeal on account of any deficiency in the record without notice to appellant and reasonable opportunity to supply the deficiency.

Ark. R. App. P. – Civ. 6(c).

We disagree that the facts of this case fall within the ambit of Rule 6(c). There is nothing before us to indicate that Simes, as appellee, in any way agreed to an abbreviated record or acquiesced in the filing of the same. Indeed, there is nothing to suggest that Simes ever saw the record filed in this case, as there is no indication that he was notified of its filing. More importantly, Simes did not "check out" the record in this case or file an Appellee's brief. These facts fall abysmally short of meeting the standard that Simes "in good faith" *agreed* to the abbreviated record or refrained from *objecting* to it. The latter circumstance at least suggests that Simes acquiesced in the truncated record. Here, there is nothing to suggest that.

Moreover, Arkansas Rule of Appellate Procedure – Civil 3(e) requires that an appellant's notice of appeal shall designate the contents of the record on appeal and Rule 3(f) requires service of the notice of appeal to the opposing party. Rule 3(g) has

additional notice requirements if an abbreviated record is contemplated, but Rule 3(g) was not followed by Johnson in this case. Thus, Simes was not put on notice that an abbreviated record was involved.

■ We will not recapitulate every motion and ruling absent from Johnson's record. Suffice it to say, he did not include in the record his motion for summary judgment, which was in the form of a letter to the court, and Simes's motion to dismiss his complaint.[2] Since these are the two motions decided by the circuit court in its order, which is the subject of this appeal, their inclusion was imperative to our review. We, therefore, affirm the circuit court's order due to Johnson's failure to bring before this court a record exhibiting circuit court error. See In Re: Estates of Seay v. Quinn, supra; Dodge v. Lee, supra.

Affirmed.

---

[2] We recognize that Johnson read from the summary-judgment letter/motion at the hearing, but that is not a substitute for having the actual letter in the record.