UNUM LIFE INSURANCE COMPANY of AMERICA *v.*
Frances EDWARDS

04–468 205 S.W.3d 126

Supreme Court of Arkansas
Opinion delivered March 10, 2005

Watts, Donovan & Tilley, P.A., by: David Donovan, for appellant.

Tony L. Wilcox; and Orr, Scholtens, Willhite & Averitt PLC, by: Tony L. Wilcox, for appellee.

PER CURIAM. Appellant Unum Life Insurance Company of America (Unum) appeals the decision of the Pulaski County Circuit Court denying a motion for directed verdict in Unum's favor on a tort claim for bad faith, refusing to bifurcate or continue the trial, allowing certain testimony, and awarding penalty and attorney's fees on a disability claim to Ms. Frances Edwards.

We do not reach the merits of Unum's case because of its failure to comply with our addendum requirements. *See* Ark. Sup. Ct. R. 4-1 and 4-2 (2004). We may raise issues of deficiencies *sua sponte*. Ark. Sup. Ct. R. 4-2(b)(3) (2004). The addendum did not contain the numerous pleadings including, but not limited to: Unum's motion and brief for partial summary judgment; Edwards's response to Unum's motion and brief for partial summary judgment; Unum's reply to Edwards's response to motion for partial summary judgment; and, Edwards's supplement to her response to Unum's motion for partial summary judgment. Again, we emphasize that these pleadings are merely some examples and are not exhaustive of the deficiencies.

It is a practical impossibility for seven justices to examine a single record filed with this court, and we will not do so. *City of Dover v. City of Russellville*, 351 Ark. 557, 95 S.W.3d 808 (2003). Arkansas Supreme Court Rule 4-2(a)(8) requires that the addendum *shall* include true and legible photocopies of, among other things, the relevant pleadings, documents, and exhibits that are essential to an understanding of the case and the court's jurisdiction on appeal. In the absence of the pleadings and motions on which the trial court based its decision, it is impossible for the court to make an informed decision on the merits of this case.

Here, Unum has provided a flagrantly deficient addendum. Because the brief fails to include the relevant documents and pleadings, this court finds it to be deficient such that we cannot reach the merits of the case. Unum has fifteen days from the date

of this opinion to file a substituted addendum to conform to Rule 4-2(a)(8). *See* In re: Modification of the Abstracting System — Amendments to Supreme Court Rule 2-3, 4-2, 4-3, and 4-4, 345 Ark. Appx. 626 (2001) (per curiam); Ark. Sup. Ct. R. 4-2(b)(3) (2004). If Unum fails to file a complying addendum within the prescribed time, the judgment may be affirmed for noncompliance with the Rule. *Id.* After service of the substituted brief on the appellee, the appellee shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely upon the appellee's brief that was previously filed in this appeal. *See* Ark. Sup. Ct. R. 4-2(b)(3); *Moon v. Holloway*, 353 Ark. 520, 110 S.W.3d 250 (2003).