James E. BAKER, Jr. *v.* STATE of Arkansas

CR 04-542                                              208 S.W.3d 96

Supreme Court of Arkansas
Opinion delivered May 5, 2005

---

*Norwood & Norwood, P.A.*, by: *Doug Norwood* and *Susan Lusby*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

PER CURIAM. James Baker was sentenced to a term of twelve years' imprisonment for raping his granddaughter. On appeal, Baker argues that the trial court erred in denying his motion to suppress his confession. He contends that: (1) his confession was involuntarily given because the police did not comply with Ark. R. Crim. P. 2.3 (2004); (2) it was obtained after he had clearly invoked his right to an attorney under the Fourth Amendment; and, (3) he did not subsequently waive his Fourth Amendment right by continuing to speak with the police.

■ ■ Although the subject of Baker's appeal is the trial court's denial of his motion to suppress, neither the motion nor the supporting briefs are included in the record, and the trial court's order denying the motion is not abstracted. As this court has often stated, "[A]ny issue outside the record will not be considered on appeal. The burden is on the appellant to bring up a record

sufficient to demonstrate that the trial court was in error, and where the appellant fails to meet its burden, this court has no choice but to affirm the trial court." *Warnock v. Warnock*, 336 Ark. 506, 988 S.W.2d 7 (1999). In addition, "[o]ur review on appeal is limited to the record as abstracted, and we will not reach the merits of a case when documents in the transcript that are necessary for an understanding of the case are not abstracted." *Id.* Without the motion to suppress, the briefs supporting the motion, and the trial court's order denying the motion, this court cannot determine if the trial court erred. These documents are imperative to our review of this appeal, and because Baker failed to include them in the record or the abstract, we cannot address the merits of this case. See *Johnson v. Simes*, 361 Ark. 18, 204 S.W.3d 58 (2005).

Supreme Court Rule 4-2(b)(3) explains the procedure to be followed when an appellant has failed to supply this court with a sufficient brief. The rule provides:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Rule 4-2(b)(3) (2004).

◼ In accordance with Rule 4-2(b)(3), we hereby order Baker to submit a substituted brief that contains a revised Addendum that includes all documents necessary to an understanding of the issues presented to this court on appeal. After the substituted

brief has been served on the appellee, the appellee may file a responsive brief in the time prescribed by the Supreme Court Clerk or may rely on the brief previously filed in this case. If Baker fails to file a complying addendum within fifteen days from the date of this opinion, the judgment may be affirmed for noncompliance with the Rule. See *Unum Life Insurance Company of America v. Edwards*, 361 Ark. 150, 205 S.W.3d 126 (2005).

Rebriefing ordered.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. After setting out Supreme Court Rule 4-2(b)(3) in full in its *per curiam* opinion, the court promptly fails to follow the Rule's dictates. The Rule contains this court's abstracting requirements, and, in pertinent part, provides the following:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or addendum, the court *may* address the question at any time. *If the court finds the abstract or addendum to be deficient such that the court cannot reach the merits of the case or such as to cause an unreasonable or unjust delay* in the disposition of the appeal, the court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies *and has fifteen days with which to file a substituted abstract, addendum, and brief, at his or her own expense.* (Emphasis added.)

Not one justice even suggests he or she is unable to reach the merits of this case because of a deficient abstract. Why, you ask? Because they are clearly able to do so. The only unreasonable delay in this case is caused by this court's erroneous decision to order the appellant to abstract additional material that I believe is unnecessary to an understanding of the issues presented to the court for decision. This court's improper directive not only adds to the time this court must wait for the appellant to file a substituted brief, but the court must also further delay action in order to give the appellee additional time to respond to the appellant's substituted brief, once it is filed. This added delay unnecessarily adds to the expense in the filing and disposing of this case on appeal. Although this court *may* address deficient abstract and addendum questions even though the appellee has not done so, it is telling that the appellee (the State here) did not find it necessary to raise any deficiency issue concerning the appellant's abstract. In fact, the

State was fully able to address the merits of this case and, in doing so, filed its responsive brief in timely fashion. *See* Ark. Sup. Ct. R. 4-2(a)(5) and (8).

Finally, the court's *per curiam* says the abstract or addendum is deficient because appellant did not abstract (1) his motion to suppress, (2) the briefs filed supporting his motion, or (3) the court's order denying his motion. In fact, appellant did much more than that!

This court continues to miss the obvious: when the appellant abstracted the trial court's ruling, he complied with Supreme Court Rule 4-2(a)(8), which provides that the appellant's brief shall contain an addendum, which shall include true and legible photocopies of the *order*, judgment, decree, *ruling*, and letter opinion from which the appeal is taken. Here, the appellant did so by abstracting the trial court's ruling, denying appellee's motion to suppress. In addition, appellant, when abridging the record, abstracted the entire suppression hearing, which took three separate days: September 16, 2002, September 23, 2002, and October 7, 2002. Besides testimony and video tapes of the officer involved in the suppression issue, the abstract also included twenty-four pages of colloquy between the judge, prosecutor, and the defense attorney. At those hearings, the judge and attorneys thoroughly argued the evidence and law bearing on appellant's appeal. At the conclusion of the suppression hearing on October 7, 2002, the judge immediately ruled from the bench that appellee's motion to suppress was denied. The appellant abstracted the judge's findings and ruling as follows:

> In this case, the court has reviewed the tape of the interview with the defendant, Mr. Baker, and the court finds that his indication that he might need an attorney and then the officer asking him if he desired to have an attorney is not answered by Mr. Baker directly. It does appear that this is an equivocal situation. Motion to suppress is denied under the circumstances the defendant knew why he was asked to come to the sheriff's office, and he did not invoke his right to an attorney.

The judge's pretrial order denying appellant's motion is also found in the record, dated October 7, 2002, as is required in Rule 3-4(a) and Administrative Order 2(b). The order does not contain as much detail as the judgment ruling from the bench. The order reads as follows:

"Motion to suppress is denied . . . [T]he defendant knew why he was asked to come to the sheriff's office, and he did *not* invoke his right to an attorney." (Emphasis added.)

Both the appellant and appellee are afforded the option to abridge the record so as to include only those matters which they and the court believe permit them to reach and decide the merits of this case. As pointed out above, not only did the appellant and appellee believe the abstract was sufficient, my fellow justices make no suggestion that they cannot reach the merits in this appeal. In fact, this court's clerk did not find that appellant's abstract or addendum was deficient, as evidenced by his acceptance of appellant's brief. Rule 4-2(a)(8).

As for the motion to suppress and requested pretrial briefs, there is nothing in our rules that mandates they be included in the parties' abstract or addendum *unless* they are needed to address the merits of the issues on appeal. One need only reflect for a brief minute to understand why memorandum briefs furnished to the trial judge are not needed to be abstracted on appeal: those legal points and citations and arguments are expected to be addressed in their arguments to this court on appeal.

This court recently amended its abstracting requirements to make them more liberal so as to reduce the number of cases dismissed due to procedural error. Decisions like this one place attorneys in a position where they will feel compelled to abstract unnecessary material in a case because the appellate court may disagree, causing delay and added expenses they wish to avoid. It is a mistake, in my opinion, for this court to ignore the attorneys and our clerk by requiring them to add unnecessary materials to appellant's abstract and addendum, especially when our court can readily address the merits in this appeal. Therefore, I dissent.