

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-704

| | |
|---|---|
| | **Opinion Delivered** February 26, 2014 |
| DONALD D. SPLAWN and TAMMY SPLAWN | |
| APPELLANTS | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CV-11-262] |
| V. | |
| | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| BARBARA L. WADE | |
| APPELLEE | REVERSED AND REMANDED |

## KENNETH S. HIXSON, Judge

This appeal returns to us following our dismissal of the appeal for lack of a final order. *Splawn v. Wade*, 2013 Ark. App. 187, ___ S.W.3d ___. A final order was entered by the Garland County Circuit Court in May 2013, and a timely notice of appeal followed that order. Appellants Donald and Tammy Splawn (collectively "Splawn") appeal the summary judgment entered in favor of appellee Barbara Wade ("Wade") on Splawn's alternative claims for specific performance of a land-sale contract or breach of that contract.[1] We reverse and remand because the trial court erred in granting summary judgment to appellee.

---

[1]For simplicity's sake, we refer to appellants as "Splawn" because Donald was married to Terry Splawn when this 1997 contract was entered, but after their divorce, he married Tammy Splawn, his current wife. Also for simplicity's sake, we refer to appellee as "Wade" because although Barbara's husband Charles Wade was involved in the execution of the 1997 contract, he died in 2000.

SLIP OPINION

In this case, there are three adjoining pieces of property bordered by Lake Hamilton along the north end of the properties. In the 1990s, Splawn owned the easterly lot at 241 Tanglewood Road. Wade owned the westerly lot at 140 Tanglewood Place. In between these two lots was 237 Tanglewood Road (the "middle lot.") Wade's lot contained two small triangles of land that adjoined the middle lot.

In November 1997, Splawn wanted to purchase the middle lot and Wade's two triangular parcels. Splawn and Wade entered into a real estate offer and acceptance contract for the purchase of Wade's two triangular parcels. The document was a pre-printed real estate "form contract," and the parties filled in the pertinent blanks in handwriting. The contract contained the following:

- Paragraph three recited a purchase price of $15,000, but in the space provided for the amount of the down-payment were the words, "not required." This paragraph also contained a handwritten term that the down payment was to be $5000, the balance to be "owner" financed at eight percent for three years.
- Paragraph five recited a tender of one dollar in earnest money.
- Paragraph nine, which described the closing date for the sale of the two triangles, referenced to "Other Conditions" in paragraph sixteen.
- Paragraph sixteen contained the following handwritten term: "Buyer will pay all sellers closing cost except seller's taxes. Survey to be paid at buyer expense. This offer is subject to the Buyers having Exhibit 'B' [the middle lot] under a purchase contract on or before November 1, 2007."

There is no dispute that Wade accepted this offer, thereby creating a binding contract.

Splawn purchased the middle lot in 1999. Between 2002 and 2005, Wade erected some playground equipment for her grandchildren and installed movable storage units on the two triangle-shaped parcels. Splawn did not formally attempt to close on the purchase of the two triangles from Wade until, at the earliest, shortly before November 2007. According to



the affidavit provided by Splawn, he demanded performance of Wade by visiting her, offering a tender of $5000, and trying to close the deal. Wade disagreed, contending that Splawn did not attempt to close on the purchase of the triangles of land until 2008 and that Splawn did not tender any payment.[2] In either event, Wade refused to perform the contract.

Splawn filed a complaint in 2011 seeking, among other things, specific performance of the 1997 land-sale contract or, in the alternative, monetary damages for breach of contract. Wade denied the complaint's allegations and filed a counterclaim seeking damages due to alleged tree and shrubbery destruction by Splawn. Wade eventually moved to dismiss or for summary judgment on Splawn's complaint. She asserted in part that (1) Splawn never paid any purchase money toward this 1997 contract, (2) the applicable seven-year statute of limitations for specific performance expired in 2006 because Splawn's right to specifically enforce the contract "accrued" in 1999, when Splawn purchased the middle lot, and (3) Splawn was estopped to enforce this real-estate contract because she detrimentally relied on Splawn's inaction by improving the parcels in the intervening years.

Splawn filed a cross-motion for summary judgment, stating that specific performance was mandated. Splawn contended that a cause of action for breach of contract and specific performance did not accrue until triggered by Wade's breach, i.e., Wade's refusal to perform in November 2007. Thus, Splawn argued, regardless of the applicable statute of limitations, this lawsuit was filed in a timely fashion. Splawn added that the contract, on its face, provided

---

[2]Any factual dispute about when Splawn tried to close the transaction with Wade must be viewed in the light most favorable to Splawn.



that a ten-year contingency period (1997–2007) was contemplated, within which Splawn could seek to close on this purchase.

After a hearing on the cross-motions, the trial judge refused to address Wade's equitable defenses of estoppel and waiver because testimony would be required to determine whether those defenses were applicable. However, the trial court ultimately granted Wade's motion to dismiss or for summary judgment on Splawn's contract-based claims. The order recited the following:

> The Defendant's [Wade's] Motion to Dismiss the cause of action seeking specific performance of the contract is granted, as this is not an action for breach of contract. The contract is silent as to when it must be performed so the law implies a reasonable time after the contingency is met. This would be measured in days, not years. In this action, there was no demand for performance within a reasonable time after the contingency property was acquired, so there has been no breach by the Defendant. The Plaintiffs cannot now assert rights which expired years ago. The Plaintiffs' Cross-Motion for Partial Summary Judgment is therefore denied.

The remaining claims were tried to the bench. Splawn did not prevail on the boundary-by-acquiescence claim and did not present any evidence on the adverse-possession claim. Wade prevailed on her claim for monetary damages regarding tree and shrubbery damage. As previously mentioned, we dismissed Splawn's first appeal. The jurisdictional defect was cured by the trial court's entry of a subsequent order, dismissing with prejudice Splawn's claims for adverse possession and quiet title, which complies with our supreme court's requirements on finality.

The arguments on appeal raised by Splawn are now properly before us. Splawn argues that the trial court erred by: (1) denying Splawn's motion for summary judgment for specific performance of the real-estate contract; and (2) granting Wade's motion for summary


judgment or dismissal of Splawn's breach-of-contract and specific-performance claims. Splawn seeks reversal on either basis. Wade did not file an appellee's brief for our consideration.

We disagree that Splawn was entitled to judgment as a matter of law on the specific-performance claim, and thus we affirm on Splawn's first argument for reversal. The trial court, however, erred in granting summary judgment to Wade, dismissing Splawn's contract-based claims at the summary-judgment stage of the proceedings, as explained below. We, therefore, reverse and remand on Splawn's second argument on appeal.

The law on summary judgment is well settled. Summary judgment should be granted only where there is no issue of material fact left to be determined and the moving party is entitled to judgment as a matter of law. *Po-Boy Land Co. v. Mullins*, 2011 Ark. App. 381, ___ S.W.3d ___. All evidence is viewed in the light most favorable to the "resisting party." *Id.* Where the parties agree on the facts, such as where there are cross-motions for summary judgment on agreed facts, then we simply determine whether the appellee was entitled to judgment as a matter of law. *Hobbs v. Jones*, 2012 Ark. 293, 412 S.W.3d 844. In reviewing questions of law, appellate review is de novo. *Id.* If, however, there are competing inferences to be drawn from undisputed facts, the trial court should reject deciding the case as a matter of law. *Po-Boy*, *supra*.

Ordinarily, the denial of summary judgment is not appealable. *Robinette v. Dep't of Fin. & Admin.*, 2011 Ark. 349. However, it is appealable when combined with a dismissal on the

SLIP OPINION

merits that effectively terminates the proceeding below. *Id. See also Johnson v. Simes*, 361 Ark. 18, 204 S.W.3d 58 (2005).

Specific performance of a land-sale contract is a function of equity, and a trial court has some discretion in granting or withholding relief depending upon the particular circumstances presented. *See 2 Arkansas Civil Practice & Procedure* § 39.6 (5th ed. 2013). *See also Dossey v. Hanover, Inc.*, 48 Ark. App. 108, 891 S.W.2d 67 (1995); *Shelton v. Keller*, 24 Ark. App. 68, 748 S.W.2d 153 (1988). If a contractual right to be enforced does not come into existence until the performance of some contingency, then the accrual of an action to enforce does not arise until the fulfillment of that contingency. *Rice v. McKinley*, 267 Ark. 659, 590 S.W.2d 305 (1979). Typically, equity will follow a parallel limitations period as that found in law. *Holloway v. Eagle*, 135 Ark. 206, 205 S.W. 113 (1918).

In rendering summary judgment against Splawn and in favor of Wade, the trial court made a finding of fact, deciding what a "reasonable time" for performance would be to seek specific performance of the contract where the contract did not clearly specify a period of time for performance. The trial court found that a reasonable period of time would be "days, not years" after Splawn fulfilled the contingency in which to demand Wade to perform. This was error.

Assuming there is no provision as to the time of the performance of the contract, the law implies that it must be performed within a reasonable time. *Excelsior Mining Co. v. Willson*, 206 Ark. 1029, 178 S.W.2d 252 (1944); *Acker Constr., LLC v. Tran*, 2012 Ark. App. 214, 396 S.W.3d 279; *Taylor v. George*, 92 Ark. App. 264, 212 S.W.3d 17 (2005). What



constitutes a "reasonable time" depends on the intent of the parties at the time the contract was made and the facts and circumstances surrounding its making. *See id.* Generally, the failure of one party to perform his contractual obligations releases the other party from his obligations, and one who has broken a contract cannot recover on it. *See id.* What constitutes a "reasonable time" is necessarily a fact question. The trial court erred by deciding as a matter of law, on summary judgment, that "days, not years" from 1999 was the "reasonable time" for Splawn to demand specific performance.

Further, there is more than one reasonable inference that may be drawn from the language in the contract and, hence, according to *Po-Boy*, *supra*, summary judgment is not proper. One reasonable inference is that the contract terms to which the parties agreed contemplated that Splawn had until November 2007 to seek to close on the purchase of Wade's two triangles of land. Another reasonable inference is that the contract was silent on the closing date and that Splawn was required to seek to close on this purchase within a reasonable time after acquiring the middle lot in 1999. Viewing the evidence in the light most favorable to Splawn, as we must, there is more than one reasonable inference to be drawn from the undisputed facts. The trial court erred in dismissing Splawn's claim for specific performance on a motion for summary judgment.

We reverse on the breach–of–contract claim as well because that alternative cause of action did not accrue until a "breach" occurred. Viewing the evidence in the light most favorable to Splawn, a breach did not occur until Wade refused to complete the transaction in November 2007.



For the foregoing reasons, we reverse and remand to the trial court for further proceedings on Splawn's contractual claims.

Reversed and remanded.

GLADWIN, C.J., and VAUGHT, J., agree.

*Jensen Young & Houston, PLLC*, by: *Perry Y. Young*, for appellant.

No response.