

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–13–155

| | |
|---|---|
| MICHELE McCORMICK KEITH | **Opinion Delivered** December 4, 2013 |
| APPELLANT | APPEAL FROM THE OUACHITA COUNTY CIRCUIT COURT [NO. DR–2010-249-2] |
| V. | |
| | HONORABLE MICHAEL R. LANDERS, JUDGE |
| STEVEN CONRAD KEITH | |
| APPELLEE | AFFIRMED |

**ROBERT J. GLADWIN, Chief Judge**

Appellant Michele Keith's sole point on appeal is that the Ouachita County Circuit Court erred by changing custody of her children to appellee Steven Keith. We affirm.

I. *Procedural and Factual History*

The parties were divorced by decree filed July 12, 2011, and appellant was awarded custody of their four children, M.K. (age 10), R.K. (age 8), G.K. (age 6), and Mc.K. (age 3). Because appellee lived in Little Rock, Arkansas, and appellant and the children lived in Camden, Arkansas, the parties would meet halfway between their houses for visitation exchange on alternating weekends.

A contempt order was filed on October 7, 2011, finding appellant in contempt because she had, on two separate occasions, willfully and intentionally refused to permit appellee visitation with the children. The order states in paragraph 2:

The [appellant] is forewarned and advised that to willfully and intentionally refuse to allow Court ordered visitation with the children constitutes conduct that this Court could consider as a basis for a change of custody.

On March 29, 2012, appellee filed a motion for contempt and for change of custody, alleging that appellant and the four children had moved to the Houston, Texas area where appellant had been offered part-time work in a family-related business. He claimed that he had not been informed of the move and no adjustment had been arranged for his visitation schedule. He alleged that the move was an intentional denial of his visitation. He further alleged that he did not have appellant's current telephone number. He asked that appellant be held in contempt and claimed that her alleged reason for relocating—finding employment—was a pretense for impeding and interfering with his visitation. He argued that her move would adversely affect his relationship with the children and the children's relationship with their grandparents and family members in Camden and Little Rock. Finally, he asserted that it was not in the children's best interest to be moved from their school in the middle of the semester. Based on these claims, appellee asked for custody of the children.

At the hearing on appellee's contempt motion held on June 27, 2012, appellant testified that she moved with the children the weekend of March 16, 2012. She admitted that she did not telephone appellee to notify him of their move. She claimed that her attorney sent a letter to appellee, and that appellee knew that she was moving because he was texting her daughter while they were en route to Texas. She explained that she did not notify him sooner because she wanted to avoid a fight.



In an order filed August 23, 2012, the circuit court held as follows:

6.       . . . The Court finds that the [appellant] failed to give reasonable notice to the [appellee] of her move to Texas with the children. It is obvious to the Court that she did this in order to prevent [appellee] from taking any legal action to prevent the move. However, there is no order of this Court requiring notice to be given.

The circuit court did not find appellant in contempt regarding appellee's missed visitation on March 24–25, 2012, nor did the court find that she willfully denied appellee access to a telephone number where she could be reached.

The circuit court held a separate hearing on appellee's motion for change of custody on August 27, 2012.  Testimony was taken from Olivette Price, appellant's mother; Hannah O'Dell, appellant's half sister; Jackie Bowen, appellee's mother; T.K. (age 14), appellee's son by a prior marriage and who lives with appellee; appellee; appellant; Marie McCormick, appellant's stepmother; Clint Price, appellant's stepbrother; M.K.; and R.K. The circuit court's letter opinion described the testimony and its findings, stating as follows:

Since [appellant] moved with the children to Texas to live with her father, she has changed her residence two additional times. She presently resides with her step sister who runs a chiropractic clinic and for whom she works part time at home. The children were enrolled in the Danbury schools and their academic performance continues to be satisfactory as it was in Ouachita County. [Appellant] contends that she continues to search for full time employment in Texas.

[Appellant] basically gave two reasons for moving to Texas with the children during the course of the school year. She contends that there were no job opportunities in the Ouachita County area for her and that it was important that she move away from her mother and step father who resided there. Testimony of the parties confirmed that since their divorce, [appellant's] step father had serious issues with alcohol and it was not appropriate for the children to be in his care. Prior to this development the children were very close to their step grandfather and continue to be close to their grandmother, the mother of [appellant]. The step grandfather has, for some time, been sober and there appears no reason for continued separation from the children.

3

SLIP OPINION

[Appellant] is presently estranged from her mother and her younger sister. She testified that the reason for the estrangement was her mother's support of [appellant's former] husband related to issues involving the children, including petitions to the Court.

[Appellee] continues to be employed at Falcon Jet in Pulaski County, where he resides. He has maintained employment with that company and its predecessors for over twenty years, and his job position appears to be very stable. [Appellee's] parents would welcome the children of the parties into the home. The children resided in the home in Little Rock for a period of six weeks during the summer.

[Appellee] contends that [appellant's] move to Texas with the children was yet another act taken for the purpose of alienating him and other family members from them. It is apparent from the testimony that [appellant] has, since the divorce, pursued a continued course of conduct for the purpose of adversely affecting [appellee's] ability to have a meaningful relationship with the children. [Appellant] has, on several occasions, not placed the needs nor the well being of her children before her desire to hurt or humiliate the children's father. She has shown a definite insensitivity to the welfare of the children, their pets and their possessions.

Unfortunately, [appellant's] focus has lately been to promote the severance of relationships to the detriment of the children and not to provide for and insure their best interest. These actions have continued though [appellant] has been forewarned by Court order that her continued conduct might result in a change of custody being granted.

There indeed has been a material change in the circumstances of the parties since [appellant] was granted custody in the divorce action. [Appellee] has met his burden of proving such a change. This Court recognizes that in order to promote stability and continuity for the children and to discourage repeated litigation of the same issues, it is required that a more rigid standard for custody modification be met.

The Court has given due consideration to the factors to be addressed in regard to [appellant's] relocation to Texas with the children. The reason given for the relocation by [appellant] does not appear compelling. She did not make reasonable efforts to obtain employment in Ouachita County and her "employment" with her step sister's clinic is questionable as to its viability.

The educational, health and leisure opportunities in Texas as opposed to Pulaski County, Arkansas, would appear to be comparable. The move to Texas, some 450 miles distant from the father of the children and extended family has adversely affected the relationships involved especially given [appellant's] continued refusal to encourage

4



successful and meaningful visitations and communications between the children and their father.

This Court has taken into consideration the testimony of the two oldest children regarding their preferences [to stay with their mother]. The children had nothing negative to offer as to their father or the home he could provide for them. [Appellee] can provide the children with the necessary nurture, structure and stability for them to grow and prosper.

[Appellee] has met his burden to overcome any presumption in favor of the relocation by [appellant] and has shown the move was not in the best interest of the children. Taking all into consideration it is in the best interest of these children that they be placed with [appellee] and that legal custody be vested in him.

An order was filed on September 10, 2012, reflecting the circuit court's opinion letter.

Appellant filed a timely notice of appeal, and this appeal followed.

## II. *Standard of Review*

The Arkansas Supreme Court recently held:

> In reviewing child-custody cases, we consider the evidence de novo, but will not reverse a circuit court's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. *See Hamilton v. Barrett*, 337 Ark. 460, 989 S.W.2d 520 (1999). We give due deference to the superior position of the circuit court to view and judge the credibility of the witnesses. *See id.* This deference to the circuit court is even greater in cases involving child custody, as a heavier burden is placed on the circuit court to utilize to the fullest extent its powers of perception in evaluating the witnesses, their testimony, and the best interest of the children. *See id.* Where the circuit court fails to make findings of fact about a change in circumstances, this court, under its de novo review, may nonetheless conclude that there was sufficient evidence from which the circuit court could have found a change in circumstances. *See id.* (citing *Campbell v. Campbell*, 336 Ark. 379, 985 S.W.2d 724 (1999); *Stamps v. Rawlins*, 297 Ark. 370, 761 S.W.2d 933 (1988)).

> Arkansas law is well settled that the primary consideration in child-custody cases is the welfare and best interest of the children; all other considerations are secondary. *See Alphin v. Alphin*, 364 Ark. 332, 219 S.W.3d 160 (2005). A judicial award of custody should not be modified unless it is shown that there are changed conditions that demonstrate that a modification of the decree is in the best interest of the child, or when there is a showing of facts affecting the best interest of the child

SLIP OPINION

that were either not presented to the circuit court or were not known by the circuit court at the time the original custody order was entered. *See id*.

*McNutt v. Yates*, 2013 Ark. 427, at 8–9, ___ S.W.3d ___, ___.

### III. *Discussion*

Appellant contends that the circuit court's error was the determination that there had been a material change in circumstances. She claims that the problem is that the only discussion by the circuit court revolved around appellant's relocation to Texas. She cites *Hollandsworth v. Knyzewski*, 353 Ark. 470, 485, 109 S.W.3d 653, 663 (2003), for the proposition that the non-custodial parent has the burden to rebut the presumption in favor of relocation for custodial parents with primary custody. *Hollandsworth* examined five criteria in making a relocation determination that would be in the best interest of a child:

> (1) the reason for the relocation; (2) the educational, health, and leisure opportunities available in the location in which the custodial parent and children will relocate; (3) visitation and communication schedule for the noncustodial parent; (4) the effect of the move on the extended family relationships in the location in which the custodial parent and children will relocate, as well as Arkansas; and, (5) preference of the child, including the age, maturity, and the reasons given by the child as to his or her preference.

*Hollandsworth*, 353 Ark. at 485, 109 S.W.3d at 663–64. Our supreme court held that relocation alone is not a material change in circumstances. *Id*. at 485, 109 S.W.3d at 663. Therefore, appellant argues that there must be some other factors that constitute a material change of circumstances. She maintains that none were proved by appellee.

Appellant contends that her relocation cannot be viewed as an attempt to hamper appellee's visitation rights because his latest contempt motion against her did not result in a contempt finding. She claims that, even if interference had occurred, a change of custody

6

is not always in the best interest of the children. She complains that the circuit court did not recognize the presumption set forth in *Hollandsworth* when it concluded that her reason for relocating was not compelling. She maintains that she was not required to prove any reason for relocation. *Fischer v. Smith*, 2012 Ark. App. 342, at 5, ___ S.W.3d ___, ___ (A custodial parent's desire to leave his or her place of residence, without more, is not a legal barrier to relocation.).

Appellant argues that the circuit court did not follow *Hollandsworth*, *supra*, because it compared the educational, health, and leisure opportunities in Texas and Pulaski County, rather than Ouachita County. Also, appellant argues that it was error for the circuit court to find that the move adversely affected the relationships between the children and appellee. She claims that appellee had to show that he would have no meaningful relationship with the children based on the relocation. She maintains that the 450-mile distance is less than the 500-mile distance in *Hollandsworth*, where the court found that a parent could have adequate visitation. *Hollandsworth*, 353 Ark. at 486, 109 S.W.3d at 664. *See also Fischer*, *supra* (where adequate visitation found when relocation was to Virgin Islands). Thus, she argues that her relocation to Texas alone did not mean that appellee could not have a meaningful relationship with the children.

Appellant also argues that the circuit court discounted the children's preference to live with her in Texas. Further, she maintains that the relocation to Texas was based on a need for family support from her father and sisters more than her need for employment opportunities. Appellant concludes that appellee was not concerned about the children's



welfare because he requested, alternatively, that she be forced to move back to Arkansas or that custody be changed. She maintains that custody was changed solely based on her relocation and that this court should reverse the circuit court's ruling.

Appellee responds that the circuit court did not fail to apply the presumption found in *Hollandsworth*, *supra*, and that the circuit court correctly determined that the presumption had been rebutted. He then argues that relocation was not the sole factor relied on by the circuit court in finding a material change in circumstances. We agree.

The circuit court found that appellant had pursued a continued course of conduct for the purpose of adversely affecting appellee's ability to have a meaningful relationship with the children. We hold that the application of *Hollandsworth* is not relevant because we are not reviewing a case granting or denying a custodial parent's petition to relocate. The circuit court made a determination on a petition to change custody, which was premised on a change of circumstances that included the fact that appellant had moved.

The material change in circumstances included that, in the face of a court order stating that preventing visitation could result in a change of custody, appellant moved with the children to Texas without prior notification to appellee and without adjustments to the visitation schedule. The move occurred in the middle of the semester. There was evidence that appellant said "shit" in the children's presence immediately after a court hearing, where the circuit judge admonished the parties to get along. There was testimony that appellant called appellee names in the presence of the children, and that the children grew timid around appellant. Pictures of the condition of the children's rooms were presented in

evidence, reflecting the rooms in disarray with clothes thrown throughout. Finally, appellee took G.K. to the doctor because he woke up with a severe headache on the first day of his visitation with appellee. G.K. was treated for malnutrition and dehydration. Appellant later told appellee that G.K. had been complaining about a headache for a couple of weeks prior to the visitation.

Therefore, relocation was not the sole factor on which the circuit court relied in finding a material change in circumstances. Based on our de novo review, the circuit court's decision—that it was in the children's best interest to change custody to appellee—was not clearly erroneous.

Affirmed.

WALMSLEY and GRUBER, JJ., agree.

*Worsham Law Firm, P.A.*, by: *Richard E. Worsham*, for appellant.

*Eugene D. Bramblett*, for appellee.