PHILLIP T. WHITEAKER, Judge. | ,This appeal arises from a child-custody modification. The Baxter County Circuit Court entered an order modifying the joint-custody arrangement of the parties’ minor children, placing primary custody in appellee, Vernon Jeffrey Kincade, and providing appellant, Cheri Suzanne McCoy, with visitation. McCoy appeals the trial court’s decision, arguing that the trial court erred in finding that a material change of circumstances existed to support modification. We affirm. On appeal in these types of cases, we perform a de novo review, but we will not reverse the trial court’s decision unless the findings are clearly erroneous. Taylor v. Taylor, 353 Ark. 69, 110 S.W.3d 731 (2003); Ross v. Ross, 2010 Ark. App. 497, 2010 WL 2404168. Our analysis must now ten toward this de novo review. LThe parties were granted an absolute divorce in December 2004. The divorce decree incorporated a child-custody and property-settlement agreement by which the parties were to share joint custody of their two minor children. The agreement was very specific. The children would reside with Kincade during the week and with McCoy the first three weekends of each month, as well as the fifth weekend of any month with five weekends. Kincade would have the children in his care during the fourth weekend of every month. However, McCoy was entitled to visitation with the children on the Thursday prior to Kin-cade’s weekend with the children. During the summer months, McCoy was given custody of the children for two weeks in June, two weeks in July, and one weekend in August, none of which were to be consecutive. The order further stated that the neither party would be entitled to permanently remove the children from Baxter County or enroll the children in any school except the Mountain Home public schools without the permission of the other parent. Approximately one month after the decree had been entered, McCoy moved to Fayetteville, a distance of over 122 miles from the home of Kincade and the children. The parties were initially able to work within the agreement despite the move.[1] Eventually, Kincade filed a petition to modify custody in January 2018, alleging that there had been a material change of circumstances; specifically, that the parties children were older and desired to be involved in numerous activities, that McCoy was unwilling to facilitate the children’s | .-¡involvement in those activities, and that these activities were integral to the development of the children. A custody hearing was held, and the trial court heard testimony from the children and both parents. The trial court thereafter issued a letter opinion setting forth its findings. The court found that a material change of circumstances had occurred since the decree had been entered. The trial court expressed its belief that the “fundamental nature” of the original joint-custody arrangement changed when McCoy moved to Fayetteville and that the move had the “potential to significantly affect the well being of the children.” While the court praised the parents for their ability to make the arrangement work for almost nine years, it found that the distance resulting from the move had begun to affect the lives of the children as they grew older. The court found that the ■children had since matured to a point where their school activities and social interactions with their classmates were becoming more important in their development into young adulthood and that the current arrangement, which forced them to miss those activities and interfered with those interactions, was detrimental to them. As a result, the court entered an order granting the change in custody. When a change of child custody is sought in a joint-custody arrangement, the trial court uses a two-prong analysis: (1) has a material change in circumstances transpired from the time of the divorce decree? (2) If so, what is in the best interest of the child? See Singletary v. Singletary, 2013 Ark. 506, 431 S.W.3d 234. Under the first prong, the court must determine two things: (1) has a change of circumstances occurred? (2) If so, is this change of circumstances material? This analysis necessarily turns in large part upon credibility determinations, and we give special deference to the superior position of the trial court to devaluate the witnesses, their testimony, and the children’s best interest. Sharp v. Keeler, 99 Ark.App. 42, 256 S.W.3d 528 (2007). As a matter of law, there are no cases in which the superior position, ability, and opportunity of the trial court to observe the parties carry as great a weight as those involving children. Keith v. Keith, 2013 Ark. App. 700, 430 S.W.3d 845, Judkins v. Duvall, 97 Ark.App. 260, 248 S.W.3d 492 (2007). McCoy challenges the trial court’s conclusion only under the first prong—that there had been a material change in circumstances. The trial court found that, at the time of the custody hearing, McCoy’s move to Fayetteville, Arkansas, was having an adverse impact upon the children, thereby creating a material change of circumstances since the divorce decree had been entered. We cannot find that such a determination was clearly erroneous. The move to Fayetteville was clearly a change occurring after the entry of the divorce decree and, as the court found, fundamentally changed the nature of the underlying custody agreement. Giving special deference to the superior position of the trial court to evaluate the witnesses, their testimony, and the children’s best interest, we do not believe that the trial court’s finding that the change was material was clearly erroneous,'given that, at the time of the hearing, the court determined that the move was having an adverse impact on the children. For these reasons, we affirm. Affirmed. GLADWIN, C.J., and PITTMAN, WYNNE, and HIXSON, JJ., agree. BROWN, J., dissents. . The parties, without court approval, reached certain modifications by agreement: a neutral place of pick-up and drop-off and a forfeiture of the Thursday visitation during the fourth week of every month.