Phillip T. Whiteaker, Judge, dissenting. |7The majority concludes that appellee David Newby successfully demonstrated that a material change in circumstances had occurred such that a modification of visitation was warranted. For the reasons set forth in this opinion, I. respectfully disagree and dissent. I begin by considering the nature of our standard of review. Our standard of review in domestic-relations cases is de novo. Under this standard, we review the evidence de novo and determine whether the factual findings were clearly erroneous, or whether the result reached was arbitrary or groundless. Lewellen v. Sup.Ct. Comm. on Prof'l Conduct, 353 Ark. 641, 110 S.W.3d 263 (2003); Sturgis v. Skokos, 335 Ark. 41, 977 S.W.2d 217 (1998). A de novo review does not, however, entitle this court to sit as a super fact-finder. “[D]e novo review does riot mean that ... the appellate court becomes the surrogate' trial judge. What it does mean is that a complete review of the evidence and record may take place as part of the appellate review to determine whether the trial court clearly erred in either making a finding of fact or in failing to do so.” Stehle v. Zimmerebner, 375 Ark. 446, 455-56, 291 S.W.3d 573, 580 (2009). Applying this standard to the case at hand, I believe that the findings that were actually made by the trial court were clearly erroneous. The trial court found that a material change in circumstances had occurred and that it was in the best interest of the parties’ child that visitation be modified. The trial court did not specify findings of fact within its written order to support its conclusions. In its oral ruling, however, the court enunciated two bases, and two bases only, for its finding that there had been a material change in circumstances that warranted a modification of visitation: first, Isthat the child was older; and second, that he was capable of “participating in his own medical treatment.” As to the first of these two bases, I agree with the majority that the mere passage of time and the increasing age of a child has never been held to constitute a material change of circumstances sufficient to warrant modification of visitation. See Harrington v. Harrington, 55 Ark. App. 22, 928 S.W.2d 806 (1996). But cf. McCoy v. Kincade, 2014 Ark. App. 664, 448 S.W.3d 740 (passage of time, coupled with other factors including a move by one parent across the state and the children’s increased activities, constituted a material change in circumstances). Thus, in order for the court’s finding that the child was older to constitute a material change of circumstances sufficient to warrant a modification of visitation, it must be coupled with some other factor. As to the second basis — the “other factor” — the court found that the child was participating in his own medical treatment. The testimony introduced at trial, however, did not bear out this finding. The only testimony about the child’s participation in his own medical treatment during visitations with David was that David assumed that the child would take his medicine. In reality, the child did not. The court’s finding that the child could handle his own medical issues was therefore not supported by the evidence. Accordingly, the circuit court’s finding of a material change in circumstances based on the child’s increasing age was clearly legally erroneous because it was not coupled with any other factor. At this point, I believe that our de novo review is complete. I disagree with the majority’s conclusion that the evidence of the child’s participation in sports activities is a | ¡/‘supporting” factor in finding a material change of circumstances. The circuit court made no findings regarding the child’s involvement in sports. The test oh de novo review is whether we can say that the trial court’s findings are clearly erroneous. McCracken v. McCracken, 2009 Ark. App. 758, 358 S.W.3d 474; Statler v. Painter, 84 Ark. App. 114, 133 S.W.3d 425 (2003). This presupposes' that a finding was made. We exceed the scope of our standard and place ourselves in the posture of being a surrogate trial judge when we conclude that the evidence supports a fact not found by the trial court. In this case, I believe that those findings that were, in fact, made by the trial court were clearly erroneous, and for that reason, I would reverse. Hoofman, J., joins.